JORGENSON, Judge.
This is an appeal from a final administrative order of the Department of Transpor *827 tation which required the Courtelis Company, appellant here, to remove an outdoor advertising sign which the Department alleged was not in conformity with certain provisions of Florida Statutes and Rules of the Department. We reverse.
Following a notice of violation, Courtelis Company requested an administrative hearing, pursuant to Section 120.57, Florida Statutes (1979), which occurred on February 4, 1981. The hearing officer issued his recommended order on March 3, 1981.[1] On June 22, 1981, 111 days after the recommended order, the Department of Transportation entered its final order overruling the recommendations of the hearing officer and ordered removal of the sign.[2] The Department’s final order is a violation of the mandatory 90-day requirement of Section 120.-59(l)(b). Coincident with appellant’s receipt of the final order (three days after it was entered), the Department of Transportation removed the sign by sawing it down.
We need go no further than Hyman v. State, Department of Business Regulation, 399 So.2d 1098 (Fla. 3d DCA 1981), where the court held “... that a violation of this mandatory requirement per se renders unenforceable an agency order in a proceeding in which the agency is the protagonist .... ” Clearly, the Department of Transportation is the protagonist here and Hy-man, supra, is controlling. We, accordingly, reverse the final order under review and remand to the Department with directions to reinstate the recommended order of the hearing officer. Section 120.68(9Xb), Florida Statutes (1979).
Reversed and remanded with directions.

. The hearing officer recommended dismissal of the cause for lack of jurisdiction over the owners of the sign.

. No waiver or extension of the 90-day time limit imposed by Section 120.59, Florida Statutes (1979) appears on this record.