436 So.2d 92 (1983)
DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
COURTELIS COMPANY, Respondent.
No. 62331.
Supreme Court of Florida.
July 28, 1983.
Margaret-Ray Kemper, Appellate Atty., Charles G. Gardner, Trial Atty., and John H. Beck, Gen. Counsel, Dept. of Transp., Tallahassee, for petitioner.
Jay D. Schwartz of Malspeis, Lococo, Brown & Schwartz, North Miami, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Third District Court of Appeal reported as Courtelis Co. v. Department of Transportation, 415 So.2d 826 (Fla. 3d DCA 1982), which we find directly conflicts with our recent decision in Department of Business Regulation, Division of Pari-Mutuel Wagering v. Hyman, 417 So.2d 671 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue concerns the entry of a final order by the Department of Transportation 111 days after the hearing officer issued his recommended order. The Department's final order was entered in violation of that part of section 120.59(1), Florida Statutes (1981), which directs that an agency's final order be entered within ninety days after a recommended order is submitted to the agency and mailed to the parties. Respondent appealed and the district court, following its decision in Hyman v. State, Department of Business Regulation, 399 So.2d 1098 (Fla. 3d DCA 1981), reversed the Department's final order. In Hyman, the district court held that a violation of the ninety-day statutory requirement "per se renders unenforceable an agency order in a proceeding in which the agency is the protagonist." Id. at 1099. We in turn disapprove the district court decision because, subsequent to their decision in the instant case, this Court reversed the district court's decision in Hyman. Department of Business Regulation, Division of Pari-Mutuel Wagering v. Hyman, 417 So.2d 671 (Fla. 1982). We rejected the district court's per se invalidity construction of the statute and we concluded that an agency's violation of the ninety-day period set forth in section 120.59(1) did not make the agency's final order invalid unless the delay impaired the fairness of the proceeding or the correctness of the action, thereby resulting in prejudice to the adverse party. Accordingly, we quash the decision of the district court in the instant case, including its order for attorney's fees. We remand for application of our decision in Hyman and for consideration on the merits of the other issue raised in the initial appeal.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.