ROBERT DAVIS v. VANCE COUNTY DEPARTMENT OF SOCIAL SERVICES

No. 889SC59

(Filed 20 September 1988)

1. **Administrative Law § 4— order of State Personnel Commission not within required time—reinstatement of hearing officer's decision not available remedy**

   Though the State Personnel Commission's decision was delayed by a total of ten days beyond the time allowed by statute for rendering its decision, petitioner's requested relief, having the hearing officer's decision reinstated, was unavailable. N.C.G.S. § 150B-44 (1986) (amended 1987).

2. **Administrative Law § 3; State § 12— recruitment of college graduates—refusal to accept equivalencies for educational requirement—no arbitrary or capricious action**

   The Department of Social Services did not act in an arbitrary and capricious manner in refusing to accept equivalent training and experience in the place of minimum educational requirements for an advertised position, and N.C.G.S. § 128-15 providing for "[e]mployment preference for veterans" would not allow petitioner to sidestep the educational requirement, since that statute specifically provides that preference will be given to "*qualified* veteran applicants."

APPEAL by plaintiff from *Clark, Giles R., Judge.* Order entered 27 August 1987 in Superior Court, VANCE County. Heard in the Court of Appeals 7 June 1988.

*Stainback & Satterwhite, by Paul J. Stainback, for plaintiff-appellant.*

*Harvey D. Jackson for defendant-appellee.*

JOHNSON, Judge.

Petitioner, Robert Davis, filed a petition on 28 May 1987 for review of an adverse administrative decision rendered by the State Personnel Commission. He requested that the court: (a) declare the State Personnel Commission's decision unlawful; (b) reinstate the Administrative Law Judge's opinion; (c) order the State, by and through the Personnel Commission, to promulgate written guidelines for the consideration of equivalencies in education and experience requirements for employment purposes; and (d) order respondent to give petitioner first priority for promotion to any available future position he seeks, where he is able to meet

qualification requirements through a combination of his education, experience and training.

Petitioner is an employee of the Vance County Department of Social Services and has been employed there since March 1977. In May 1986, the DSS sought applications for its Administrative Officer I position. The DSS indicated in numerous recruitment announcements that the minimum requirements were, "[g]raduation from a four year college or university and one year of experience in [p]ersonnel, budgeting, research, or administrative management, preferably in a Department of Social Services."

On 22 May 1986 petitioner notified personnel director, Sammy R. Haithcock, by letter that he was interested in being considered for the position. Haithcock responded in like manner on 23 May 1986. His response in pertinent part appears as follows:

Thank you for your interest in the position. However, I must advise you that the position requires a four-year degree and we are initially recruiting on that basis. As in many positions an equivalency rating is allowed as an option. At this time, we are not considering equivalencies. Should we reach a point in recruitment that it is deemed appropriate to do so, we will notify you.

Petitioner, who did not possess a four-year degree, was neither interviewed nor selected for the position. He then immediately requested a hearing before the personnel director and a subsequent hearing before the DSS. At both hearings, it was determined that the policy of requiring the four-year degree was not discriminatory, as the purpose for the requirement was to insure that both internal and external applicants received equal initial treatment.

On 7 July 1986, petitioner appealed these decisions to the Office of State Personnel and a hearing was held. He cited his grievance on the hearing request information form as the Agency's refusal to recruit below a four-year degree. The Administrative Law Judge concluded that the Vance County DSS had acted in an arbitrary and capricious manner, and recommended that petitioner be given first priority for future positions for which he was qualified based upon his education, training and experience.

Respondent appealed this decision to the Full State Personnel Commission which dismissed the grievance on the basis of the lack of subject matter jurisdiction. The Commission also noted that even if subject matter jurisdiction had been present, the petitioner had failed to carry his burden of demonstrating an abuse of discretion by respondent, in having refused to consider equivalencies to the education level requirement.

On appeal to the superior court, the petition was dismissed. The court determined that the Commission's decision was supported by the record and was lawful in all respects. From this order, petitioner appeals.

On appeal, petitioner asks this Court to consider: (1) whether the hearing officer's decision should be reinstated because of the unreasonable delay by the Commission in reaching its decision, and (2) whether the respondent discriminated against petitioner by acting arbitrarily and capriciously in refusing to interview him for the position in question. We answer both questions in the negative.

[1] Petitioner first contends that the Commission's decision which was issued 130 days after it had received the official record from the hearing officer, was "unreasonably delayed" as defined in G.S. sec. 150B-44 (1986) (amended 1987). We respond that although petitioner has made an astute observation, the relief he seeks, in the form of having the hearing officer's decision reinstated, is simply unavailable. G.S. sec. 150B-44 (1986) (amended 1987) is entitled, "Right to judicial intervention when decision unreasonably delayed," and sets out the remedy which is available when the decision is delayed, within its heading. The statute provides further that:

> Unreasonable delay on the part of any agency or hearing officer in taking any required action *shall be justification for any person whose rights, duties, or privileges are adversely affected by such delay to seek a court order compelling action by the agency or hearing officer.*

(Emphasis added.) *See also, In re Alamance Sav. & Loan Ass'n,* 53 N.C. App. 326, 280 S.E. 2d 748, *disc. rev. denied,* 304 N.C. 588, 291 S.E. 2d 148 (1981).

The record discloses no attempt by petitioner to seek the only available remedy, the court order, after the Commission's decision had been delayed by a total of ten days beyond the time allowed by statute for rendering its decision. Therefore, the first assignment of error is overruled.

[2] Petitioner next contends that respondent's refusal to allow the education equivalencies to fulfill the position's minimum education requirements was an arbitrary and capricious action. Petitioner bases his argument upon a reading of G.S. sec. 128-15 which provides for "[e]mployment preference for veterans and their wives or widows." Although the statute awards a preference rating of ten points to veterans who apply for employment with the State or any of its departments, it states nowhere that the minimum requirements specified for a position may be ignored. In fact, the statute specifically states that "[a]ll the departments or institutions of the State, or their agencies, shall give preference in appointments and promotional appointments to *qualified* veteran applicants as enumerated in this section . . ."

Petitioner's employment history, including twenty years of "clerical/administrative" experience, coupled with his service during the Vietnam conflict, though noteworthy and commendable, did not enable him to meet the requirements established by the DSS, which recruited applicants under another prescribed and published basis.

It is for these reasons that we affirm the trial court's order dismissing the petition.

Affirmed.

Judges PARKER and COZORT concur.