MARY B. BLACKMON, ADMINISTRATRIX OF THE ESTATE OF BOBBY T. BLACKMON, DECEASED v. NORTH CAROLINA DEPARTMENT OF CORRECTION, EMPLOYER; AND/OR NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

No. 235A95

(Filed 10 May 1996)

**Workers' Compensation §§ 41, 57 (NCI4th)— death of inmate while working on road crew—recovery limited to workers' compensation**

The Court of Appeals correctly held that the provisions of the Workers' Compensation Act bar plaintiff's wrongful death action where plaintiff, a prison inmate, died while working with a minimum custody road crew assigned to the Department of Transportation. N.C.G.S. § 97-13(c) permits the dependents or next of kin of a prisoner killed while working for the State to apply for workers' compensation benefits and states that the exclusive remedy provision of N.C.G.S. § 97-10.1 applies to prisoners entitled to compensation under N.C.G.S. § 97-13(c). Although *Ivey v. N.C. Prison Dep't*, 252 N.C. 615 (1960) determined that an award of burial expenses alone did not constitute compensation, the subsequent legislative decision to afford the dependents and next of kin of a deceased prisoner a weekly monetary benefit is properly interpreted as entitling such claimants to "compensation." Plaintiff argues that the maximum benefit of

BLACKMON v. N.C. DEPT. OF CORRECTION

[343 N.C. 259 (1996)]

thirty dollars per week is not sufficient to constitute compensation, but the amount of compensation to be awarded is based on lost earning capacity, which is greatly limited by incarceration. Finally, the use of the word "may" in N.C.G.S. § 97-13(c) does not give a plaintiff a choice of proceeding under either the Workers' Compensation Act or the Tort Claims Act, but merely permits plaintiff to file a workers' compensation claim.

**Am Jur 2d, Workers' Compensation § 162.**

**Workers' compensation law as precluding employee's suit against employer for third person's criminal attack. 49 ALR4th 926.**

**Workers' compensation: incarceration as terminating benefits. 54 ALR4th 241.**

**Workers' compensation: injuries incurred during labor activity. 61 ALR4th 196.**

Justice FRYE dissenting.

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 118 N.C. App. 666, 457 S.E.2d 306 (1995), reversing a decision and order of the Industrial Commission, filed 15 March 1994, awarding plaintiff damages. Heard in the Supreme Court 15 February 1996.

*Griffin, Caldwell, Helder, Lee & Helms, P.A., by W. David Lee and R. Kenneth Helms, Jr., for plaintiff-appellant.*

*Michael F. Easley, Attorney General, by Richard L. Griffin, Assistant Attorney General, for defendant-appellees.*

*Patterson, Harkavy & Lawrence, by Martha A. Geer, on behalf of The American Civil Liberties Union of North Carolina Legal Foundation, amicus curiae.*

PARKER, Justice.

Plaintiff appeals a decision of the Court of Appeals reversing a decision and order of the Industrial Commission awarding plaintiff damages under the Tort Claims Act. For the reasons stated herein, we conclude that provisions of the Workers' Compensation Act bar plaintiff's wrongful death action. Accordingly, we affirm the Court of Appeals.

**BLACKMON v. N.C. DEPT. OF CORRECTION**

[343 N.C. 259 (1996)]

On 6 November 1990 decedent Bobby Blackmon was an inmate incarcerated within the Department of Correction ("DOC") at Yancey Correctional Center. Decedent worked with a minimum custody road crew which was assigned to the Department of Transportation ("DOT"). The DOT foreman supervising decedent's crew assigned them the task of breaking up and removing road salt from a double storage bin, a wooden structure located on the side of a mountain immediately above the DOT maintenance yard.

The double storage bin consisted of two large compartments, each capable of holding seventy-five tons of road salt. The bin was raised eight feet from the ground on stilts and measured thirty-four feet from side to side, seventeen feet from front to back, and fourteen feet from top to bottom. Salt was removed from the bin by backing a truck beneath the bin and opening the doors to a vertical metal chute which provided access to the bottom of the bin.

The salt stored in the bin tended to crystallize and often would not flow through the chute. The standard DOT procedure for dealing with this circumstance was to have workers stand inside the bin on top of the salt and break up the crystallized salt with crowbars until the salt was granulated enough to pass through the chute.

In the process of cleaning the bin, decedent, another inmate, and a correctional officer stepped on top of the salt in the bin. A short time later decedent walked across the surface of the salt, the crystallized salt suddenly broke beneath him, and decedent dropped into the salt pile. Other inmates and a correctional officer attempted to rescue decedent, but the salt gave way and pulled decedent under the salt. Further rescue efforts failed, and decedent died from asphyxiation.

Plaintiff Mary Blackmon, decedent's mother and administratrix of decedent's estate, instituted this action on 11 February 1991 by filing an affidavit with the Industrial Commission alleging a tort claim against the DOT and the DOC and seeking $100,000 in damages for wrongful death. On 11 March 1991 defendants answered, denying that decedent was injured as a result of the negligence of DOT or DOC employees and disavowing any liability.

In its answer and in a motion to dismiss filed 4 April 1991, defendants asserted that provisions of the Workers' Compensation Act barred plaintiff from proceeding under the Tort Claims Act. Deputy Commissioner Edward Garner, Jr. denied defendants' motion to dismiss on 13 August 1991.

Deputy Commissioner Gregory Willis heard plaintiff's claim on the merits on 18 March 1992. Willis concluded that plaintiff failed to show that defendants' employees injured decedent as a result of their negligence. Accordingly, Willis did not award plaintiff any damages.

The Industrial Commission reversed. In an order written by Commissioner James J. Booker, the Commission concluded that the Workers' Compensation Act does not preclude a working prisoner from bringing a wrongful death action under the Tort Claims Act, that defendants' negligence caused the wrongful death of decedent, and that plaintiff was entitled to compensation. The Commission awarded plaintiff $73,685 in damages.

The Court of Appeals, with one judge dissenting, reversed. *Blackmon v. N.C. Dep't of Correction*, 118 N.C. App. 666, 457 S.E.2d 306 (1995). The Court of Appeals concluded that N.C.G.S. § 97-13(c) entitles plaintiff to compensation and that N.C.G.S. § 97-10.1 thus precludes plaintiff's wrongful death action. We agree and affirm the Court of Appeals.

N.C.G.S. § 97-13(c) permits the dependents or next of kin of a prisoner killed while working for the State to apply for workers' compensation benefits. This subsection states that the exclusive remedy provision of N.C.G.S. § 97-10.1 applies to prisoners "entitled to compensation" under N.C.G.S. § 97-13(c). N.C.G.S. § 97-13(c) provides in pertinent part:

> This Article shall not apply to prisoners being worked by the State . . . except to the following extent: Whenever any prisoner assigned to the State Department of Correction shall suffer . . . accidental death arising out of and in the course of the employment to which he had been assigned, if there be death . . . the dependents or next of kin . . . may have the benefit of this Article by applying to the Industrial Commission as any other employee; provided, such application is made within 12 months from the date of the discharge; and provided further that the maximum compensation to . . . the dependents or next of kin of any deceased prisoner shall not exceed thirty dollars ($30.00) per week and the period of compensation shall relate to the date of his discharge rather than the date of the accident. . . . The provisions of G.S. 97-10.1 and 97-10.2 shall apply to prisoners and discharged prisoners entitled to compensation under this subsection and to the State in the same manner as said section applies to employees and employers.

N.C.G.S. § 97-13(c) (1991).

N.C.G.S. § 97-10.1 states:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

N.C.G.S. § 97-10.1 (1991).

In the instant case decedent is a prisoner who suffered an accidental death arising out of and in the course of the employment to which he had been assigned. For this reason plaintiff is entitled to workers' compensation benefits by N.C.G.S. § 97-13(c). The Court of Appeals concluded that the monetary benefit afforded to plaintiff by N.C.G.S. § 97-13(c) entitles her to "compensation" and that N.C.G.S. § 97-10.1 thus applies to bar plaintiff's wrongful death action. We agree.

Plaintiff contends that *Ivey v. N.C. Prison Dep't*, 252 N.C. 615, 114 S.E.2d 812 (1960), requires a contrary result. In *Ivey* the administrator of inmate Ivey's estate initiated an action against the North Carolina Prison Department for wrongful death. The Prison Department moved to dismiss on the grounds that the workers' compensation remedy was exclusive. *Id.* at 616, 114 S.E.2d at 812-13. This motion was allowed by the hearing commissioner and affirmed by the Industrial Commission and the Superior Court. *Id.* at 617, 114 S.E.2d at 813. This Court in *Ivey* determined that N.C.G.S. § 97-13(c), as it was then written, did not withdraw a prisoner's right to bring a tort claim against the State and reversed. *Id.* at 620, 114 S.E.2d at 815-16.

At the time *Ivey* was decided, N.C.G.S. § 97-13(c) limited the dependents and next of kin of a deceased prisoner to an award of burial expenses alone. *Ivey*, 252 N.C. at 618, 114 S.E.2d at 814. The question presented to the *Ivey* Court was whether the legislature had withdrawn the right of the plaintiff to bring a tort claims action by amending N.C.G.S. § 97-13(c) to provide that the exclusive remedy provision of the Workers' Compensation Act applied to prisoners "entitled to compensation." The Prison Department argued that the payment of burial expenses constituted the payment of compensation. *Id.* at 619, 114 S.E.2d at 815. The *Ivey* Court disagreed, stating that

it takes the whole to constitute compensation and not one of its parts. A vest is a part of a suit of clothes, but a vest cannot be called a suit. Surely compensation for wrongful death involves more than the burial of the body.

*Id.* at 620, 114 S.E.2d at 815. The *Ivey* Court questioned whether the legislature intended the amendment to withdraw a prisoner's right to bring an action under the Tort Claims Act. The Court stated:

If the Legislature intended to withdraw altogether a prisoner's right to pursue a tort claim, the logical procedure would be by amendment to the section of the Tort Claims Act which gave the right. No valid reason is suggested why the withdrawal, if such were intended, should be by an amendment tucked away in a jumbled and confusing subsection . . . .

*Id.* at 619, 114 S.E.2d at 815. The Court concluded that it could not presume that the legislature intended to withdraw a prisoner's right to assert a tort claim as a result of the amendment providing that workers' compensation was the exclusive remedy for prisoners "entitled to compensation" under N.C.G.S. § 97-13(c). *Id.* at 620, 114 S.E.2d at 815.

In 1971 the General Assembly amended N.C.G.S. § 97-13(c) to delete the burial expenses limitation on workers' compensation relief for the dependents and next of kin of a deceased prisoner and to afford such claimants a weekly monetary benefit. The subsection now provides that this benefit "shall not exceed thirty dollars . . . per week." N.C.G.S. § 97-13(c). The Court of Appeals determined that the legislative decision to amend the subsection to delete the limitation on benefits to burial expenses and to afford the dependents and next of kin of deceased prisoners a weekly monetary benefit entitled plaintiff to "compensation" under N.C.G.S. § 97-13(c). *Blackmon*, 118 N.C. App. at 673, 457 S.E.2d at 310.

In his dissent Judge Greene argued that the concerns expressed by the *Ivey* Court continue to exist because (i) the legislature has not taken the *Ivey* Court's suggestion to amend the Tort Claims Act to withdraw the right of prisoners to bring a tort claim and (ii) the legislature has not changed the Workers' Compensation Act to treat working prisoners like regular employees. Judge Greene stated that

if the Legislature desires the Workers' Compensation Act to be the exclusive remedy for prisoners accidentally injured or killed while on assigned work, it either needs to amend the Tort Claims

Act as suggested by the Court in *Ivey* or change Section 97-13(c) to treat working prisoners as regular employees rather than as an exception to the Workers' Compensation Act.

*Id.* at 676, 457 S.E.2d at 312. We disagree and conclude that the legislature withdrew the plaintiff's right to bring a tort claim by amending N.C.G.S. § 97-13(c) to entitle the dependents and next of kin of a deceased prisoner to a weekly monetary benefit.

The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. *Derebery v. Pitt Co. Fire Marshall,* 318 N.C. 192, 196, 347 S.E.2d 814, 817 (1986). In determining legislative intent, we may "assume that the legislature is aware of any judicial construction of a statute." *Watson v. N.C. Real Estate Comm'n,* 87 N.C. App. 637, 648, 362 S.E.2d 294, 301 (1987), *cert. denied,* 321 N.C. 746, 365 S.E.2d 296 (1988). The *Ivey* Court determined that an award of burial expenses alone did not constitute compensation. *Ivey,* 252 N.C. at 620, 114 S.E.2d at 815. We agree with the Court of Appeals that the subsequent legislative decision to afford the dependents and next of kin of a deceased prisoner a weekly monetary benefit is properly interpreted as entitling such claimants to "compensation."

Plaintiff argues that the maximum benefit of thirty dollars per week afforded under N.C.G.S. § 97-13(c) is not sufficient to constitute "compensation." The Workers' Compensation Act defines "compensation" as "the money allowance payable to an employee or to his dependents as provided for in this Article, and includes funeral benefits provided herein." N.C.G.S. § 97-2(11) (Supp. 1995). In this context "compensation" refers to " 'money relief afforded according to a scale established and for the person designated in the Act.' " *Ivey,* 252 N.C. at 619-20, 114 S.E.2d at 815 (quoting *Branham v. Denny Roll & Panel Co.,* 223 N.C. 233, 236, 25 S.E.2d 865, 867 (1943)). The amount of "compensation" to be awarded is based on the claimant's lost earning capacity. *Ashley v. Rent-A-Car Co.,* 271 N.C. 76, 83, 155 S.E.2d 755, 761 (1967). A prisoner's earning capacity is greatly limited by the fact of his incarceration. For this reason a benefit of thirty dollars per week is more than sufficient to comport with the statutory definition of "compensation."

Plaintiff also argues that the use of the word "may" in N.C.G.S. § 97-13(c) gives plaintiff a choice of proceeding either under the Workers' Compensation Act or under the Tort Claims Act at plaintiff's election. We disagree. N.C.G.S. § 97-13(c) uses mandatory language in

stating that the exclusive remedy provision of N.C.G.S. § 97-10.1 "shall apply to prisoners . . . entitled to compensation." The use of the word "may" merely permits plaintiff to file a workers' compensation claim and cannot reasonably be construed as granting plaintiff the option of filing a claim under the Tort Claims Act.

*Amicus curiae* American Civil Liberties Union of North Carolina Legal Foundation presents this Court with a constitutional argument alleging a denial of plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. "Where the sole ground of the appeal of right is the existence of a dissent in the Court of Appeals, review by the Supreme Court is limited to a consideration of those questions which are . . . specifically set out in the dissenting opinion as the basis for that dissent . . . ." N.C. R. App. P. 16(b); *accord State v. Hooper*, 318 N.C. 680, 681-82, 351 S.E.2d 286, 287 (1987). Because Judge Greene's dissent is not based upon a violation of plaintiff's constitutional rights, the equal protection argument is not before us, and we do not address it.

We conclude that plaintiff is "entitled to compensation" under N.C.G.S. § 97-13(c) and that N.C.G.S. § 97-10.1 thus applies to bar plaintiff's wrongful death action under the Tort Claims Act. Accordingly, the decision of the Court of Appeals is affirmed.

AFFIRMED.

Justice FRYE dissenting.

For the reasons stated in Judge Greene's dissenting opinion, I respectfully dissent.