HOUSTON, Justice.
An administrative-hearing officer with the Alabama Department of Human Resources (“DHR”) conducted an investigative hearing on October 23, 1996, to determine whether there was sufficient evidence to support DHR’s preliminary finding that Anthony Paul Nixon, a public-school teacher, had sexually abused a minor child under his supervision. The hearing officer issued a final order on December 2, 1996, upholding DHR’s preliminary finding. The Cullman County Circuit Court affirmed DHR’s finding. Nixon appealed. The Court of Civil Appeals affirmed, without opinion, on April 17, 1998. Nixon v. State Dep’t of Human Resources, (No. 2970303) (Ala.Civ.App.1998) (table). We granted Nixon’s certiorari petition to consider his contention that the final order was unenforceable on the basis that, as DHR concedes, it was issued more than 30 days after the hearing. We affirm the judgment of the Court of Civil Appeals.[1]
Section 41-22-16, Ala.Code 1975, which is part of the Administrative Procedure Act, § 41-22-1 et seq., provides:
“(a) The final order in a proceeding which affects substantial interests shall be in writing and made a part of the record and include findings of fact and conclusions of law separately stated, and it shall be rendered within 30 days:
“(1) After the hearing is concluded, if conducted by the agency....”
(Emphasis added.)
Applying well-settled rules, this Court has stated that if the language of a statute is clear then there is no room for judicial construction of the statute and the clearly expressed intent of the legislature must be given effect. Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687 (Ala.1991). The word “shall,” when used in a statute, is mandatory. See, e.g., State of Alabama Department of Transportation v. McLelland, 639 So.2d 1370 (Ala.1994). However, it does not follow that the use of the word “shall” always signals that the legislature intended for noncompliance with a mandatory provision to be fatal to a decision of an administrative agency, where the intent of the legislature, as *279 disclosed by all the terms and provisions of the statute in relation to the subject of the legislation and the general object to be accomplished, would be defeated by such an interpretation.
The Administrative Procedure Act, enacted in 1981, was intended to provide minimal procedural-due-process requirements for all state agencies to observe when taking actions affecting the rights and duties of the public. § 42-22-2; Benton v. Alabama Board of Medical Examiners, 467 So.2d 234 (Ala.1985). Section 41-22-2 provides:
“(b) The purposes of the Alabama Administrative Procedure Act are:
“(1) To provide legislative oversight of powers and duties delegated to administrative agencies;
“(2) To increase public accountability of administrative agencies;
“(3) To simplify government by assuring a uniform minimum procedure to which all agencies will be held in the conduct of their most important functions;
“(4) To increase public access to governmental information;
“(5) To increase public participation in the formulation of administrative rules;
“(6) To increase the fairness of agencies in their conduct of contested case proceedings; and
“(7) To simplify the process of judicial review of agency action as well as increase its ease and availability.
“In accomplishing its objectives, the intention of this chapter is to strike a fair balance between these purposes and the need for efficient, economical and effective government administration.
“(c) This chapter is not meant to alter the substantive rights of any person or agency. Its impact is limited to procedural rights with the expectation that better substantive results will be achieved in the everyday conduct of state government by improving the process by which those results are. attained.”
Section 41-22-25 states that the Administrative Procedure Act “shall be construed broadly to effectuate its purposes.”
One of the stated purposes of the Administrative Procedure Act as a whole, and of § 41-22-16 in particular, is to ensure that final administrative decisions in contest ed cases are not unreasonably delayed. Timely administrative decisions inure to the benefit of everyone concerned. Timely decisions also “increase public accountability of administrative agencies” (§ 41 — 22—2(b)(2)); “simplify government by assuring a uniform minimum procedure” (§ 41-22—2(b)(3)); “increase the fairness of agencies in their conduct of contested case proceedings” (§ 41-22-2(b)(6)); and “simplify the process of judicial review of agency action as well as increase its ease and availability” (§ 41-22-2(b)(7)). In other words, the 30-day provision in § 41-22-16(a) relates to the very essence of one of the primary objects the legislature sought to achieve by enacting the Administrative Procedure Act — the issuance of final administrative decisions within a reasonable time. See Mobile County Republican Executive Committee v. Mandeville, 363 So.2d 754, 757 (Ala.1978) (“The distinction between a mandatory provision [in a statute] and one which is only directory is that when the provision of [the] statute is the essence of the thing to be done, it is mandatory”) Therefore, we conclude that in § 41-22-16(a), the word “shall” is mandatory.
Nixon contends that the 30-day provision in § 41-22-16(a) is not only mandatory but also jurisdictional. We agree that the word “shall” is mandatory; however, the record before us contains nothing to indicate that the legislature intended to deprive the hearing officer of jurisdiction if the officer did not render a final order within 30 days after concluding the hearing. Section 41-22-20(f), specifically states:
“Unreasonable delay on the part of an agency in reaching a final decision [i.e., failure to render an order within 30 days after the hearing is concluded] shall be justification for any person whose rights, duties, or privileges are adversely affected by such delay to seek a court order compelling action by the agency.”
(Emphasis added.)
This provision would be meaningless if the 30-day provision in § 41-22-16(a) was *280 jurisdictional. We must assume that the legislature intended for all of the provisions in the Administrative Procedure Act to have a field of operation. See Ex parte Jackson, 625 So.2d 425 (Ala.1992); Michael v. Beasley, 583 So.2d 245 (Ala.1991).
Likewise, § 41-22-20(k) states the grounds for reversing or modifying the hearing officer’s final decision:
“The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, ... if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
“(1) In violation of ... statutory provisions;
“(2) In excess of the statutory authority of the agency;
[[Image here]]
“(4) Made upon unlawful procedure
[[Image here]]
(Emphasis added.)
Therefore, the circuit court has discretion to reverse or modify the hearing officer’s report if it was made in violation of statutory provisions, made in excess of statutory authority, or made upon unlawful procedure (i.e., if the agency did not render an order within 30 days after the hearing is concluded), but only “if substantial rights of the petitioner have been prejudiced.” This provision of the Administrative Procedure Act would be meaningless if the 30-day provision in § 41-22-16(a) was jurisdictional. If the 30-day provision was jurisdictional, then the circuit court would be required to hold that a hearing officer’s report was void for being “[i]n violation of ... statutory provisions” or “[i]n excess of ... statutory authority” or “[mjade upon unlawful procedure,” if it was rendered more than 30 days after the hearing had concluded.[2]
Because Nixon has not shown that his substantial rights were prejudiced by DHR’s 10-day delay in issuing its final order, the judgment of the Court of Civil Appeals is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, KENNEDY, COOK, SEE, and LYONS, JJ., concur.

. The evidence relating to the alleged sexual abuse is not pertinent to the issue presented on this review; therefore, we pretermit any discussion of the evidence introduced at the hearing.

. We note that § 41-22-16(a) was adopted from Fla. Stat. § 120.59 (1977), since repealed, 1996 Fla. Laws ch. 96-159 § 24, effective October 1, 1996. In Department of Business Regulation, Division of Pari-Mutuel Wagering v. Hyman, 417 So.2d 671 (Fla.1982), the Florida Supreme Court rejected a lower court’s construction of § 120.59 as invalid per se and concluded that an agency’s violation of the 90-day provision in § 120.59(1) did not make the agency’s final order invalid unless the delay impaired the fairness of the proceeding or the correctness of the action, thereby resulting in prejudice to the adverse party. See Department of Transportation v. Courtelis Co., 436 So.2d 92 (Fla.1983).
We also note that § 41-22—20(f) was adopted from N.C. Gen.Stat. § 150 A-44 (1975 Cum. Supp.), now codified in N.C. Gen.Stat. § 150 B-44. In Davis v. Vance County Department of Social Services, 91 N.C.App. 428, 372 S.E.2d 88 (1988), the Court of Appeals of North Carolina recognized that § 150 B-44 provided a specific remedy when a final administrative decision was unreasonably delayed, i.e., when it was rendered beyond the time periods specified in § 150 B-44. See also In re Alamance Savings & Loan Ass'n, 53 N.C.App. 326, 280 S.E.2d 748 (1981).
Our interpretation of § 41-22-16(a) is consistent with the decisions of the Florida and North Carolina courts. Although those decisions are not binding with respect to this Court’s interpretation of § 41-22-16(a), we find them persuasive. They support our conclusion that § 41-22-16(a) is mandatory, but not jurisdictional.