ALLEN J. WRIGHT, JR., Petitioner-Appellant v. BLUE RIDGE AREA AUTHORITY, Respondent-Appellee

No. COA98-1093

(Filed 7 September 1999)

**Veterans— hiring preference—mental health, mental retardation, and substance abuse authorities**

The trial court erred by affirming the advisory decision of the State Personnel Commission holding that local area mental health, mental retardation, and substance abuse authorities did not have to apply a veteran's preference to plaintiff-veteran's job application since the clear, unambiguous language of the pertinent statutes establishes that N.C.G.S. § 126-83 makes the N.C.G.S. § 128-15 preference applicable to local area authorities covered by N.C.G.S. § 126-5(a)(2).

Appeal by petitioner from judgment entered 5 June 1998 by Judge Ronald K. Payne in Buncombe County Superior Court. Heard in the Court of Appeals 19 April 1999.

*Ferguson, Stein, Wallas, Adkins, Gresham and Sumter, P.A., by John Gresham and S. Luke Largess, for petitioner-appellant.*

*Matney and Associates, P.A., by David E. Matney, III., for respondent-appellee.*

JOHN, Judge.

On appeal, petitioner contends the trial court erred by affirming "the advisory decision of the State Personnel Commission [SPC] issued on June 16, 1997 and subsequently adopted by Respondent." We reverse the trial court.

Pertinent facts and procedural history include the following: Petitioner Allen J. Wright, Jr., a sixty-six year old, African-American armed services veteran, served in the Korean War between 1951 and 1953. He subsequently earned a Bachelor of Science degree in accounting and accumulated over thirty-four years of experience in the field of accounting.

On 15 February 1996, petitioner applied for and was denied an Accounting Tech III position with respondent Blue Ridge Area Authority. The position was offered to an individual with no military background.

On 3 June 1996, petitioner filed a Petition for Contested Case Hearing with the Office of Administrative Hearings alleging, *inter alia*, that respondent's denial of employment was based upon its failure to apply a Veteran's Preference (the Preference) to his application as required by N.C.G.S. § 128-15 (1999). In the parties' "Stipulation of Factual Issues" contained in the record, respondent concedes it "does not apply veteran's preferences in making employment decisions, including the decision to fill the position at issue in this case."

Petitioner and respondent subsequently filed cross-motions for partial summary judgment and, on 22 October 1996, the Administrative Law Judge (the ALJ) granted partial summary judgment in favor of respondent, holding the Preference inapplicable "to those persons covered by N.C.G.S. § 126-5(a)(2) (1999)," including "employees of area authorities such as respondent." Subsequently, the ALJ issued a 20 December 1996 Recommend Decision dismissing all remaining issues. The SPC promulgated a Recommendation for Decision to Local Appointing Authority on 16 June 1997, recommending that respondent adopt the ALJ's findings and conclusions save for a single minor modification. On 30 June 1997, petitioner was notified by respondent that it had "concurred in the [SPC's] recommendation."

On 25 August 1997, petitioner filed a Petition for Judicial Review seeking, *inter alia*, review by the trial court of the Preference issue. After hearing from both parties, the court entered judgment 5 June 1998, affirming the SPC's determination that respondent was "not obligated to afford Petitioner a Veteran's Preference in hiring." Petitioner appeals.

The sole issue presented for our determination is

whether local area mental health authorities are obligated to provide military veterans a preference under G.S. § 128-15 in considering their applications for employment.

Petitioner maintains respondent is required to accord the Preference by logical construction of N.C.G.S. § 126-83 (1999), G.S. §§ 126-5(a)(2) and 128-15, and by this Court's decision in *Davis v. Vance County DSS*, 91 N.C. App. 428, 372 S.E.2d 88 (1988).

We observe initially that judicial review of administrative agency decisions is governed by N.C.G.S. § 150B-51(b) (1995), whereby

the appellate court [must] determine whether the superior court utilized the appropriate scope of review and, if so, whether the superior court did so correctly.

*In re Declaratory Ruling by N.C. Comm'r of Ins.*, 134 N.C. App. 23, 25, 517 S.E.2d 134, —— (1999) (citation omitted). Further,

[t]he nature of the error asserted by the party seeking review dictates the appropriate manner of review: if the appellant contends the agency's decision was affected by a legal error, *de novo* review is required . . . .

*Id.* (citations omitted); *see also Brooks Com'r of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 464, 372 S.E.2d 342, 345 (1988) ("[i]ncorrect statutory interpretation by an agency constitutes an error of law under G.S. 150B-51(b) and allows [appellate] court to apply a *de novo* review"). In the case *sub judice*, it is apparent from the trial court's judgment that it applied the appropriate *de novo* scope of review, *see Declaratory Ruling*, 134 N.C. App. at 25, 517 S.E.2d at ——, and we therefore proceed to examine the SPC's decision *de novo* in order to determine whether the trial court committed legal error, *see id.*

It is appropriate to commence with a complete review of all applicable statutes. While G.S. § 126-5(a) was amended effective 1 November 1998, the amendment did not substantially affect our decision herein.

First, respondent is an area "mental health, developmental disabilities, and substance abuse services," N.C.G.S. § 122C-101 (1996), authority, organized and operating under N.C.G.S. § 122C-116 (1996). As such, respondent is a "local political subdivision of the State," G.S. § 122C-116, which, "[f]or the purpose of personnel administration," N.C.G.S. § 122C-154 (1996), is governed by the State Personnel System (the System) set out in N.C.G.S. § 126-1 *et seq.* (1999), unless otherwise provided, G.S. § 122C-154. The System is a mode of personnel administration applicable to State government and to "local employees paid entirely or in part from federal funds. . . ." G.S. § 126-1.

The applicable version of G.S. § 126-5(a) (1995) includes the following as employees subject to the System:

(1) All State employees not herein exempt, and

(2) . . . *all employees of area mental health, mental retardation, substance abuse authorities,* and to employees of local social services departments, public health departments, and local emergency management agencies that receive federal grant-in-aid funds; and the provision of this Chapter may apply to such other county employees as the several boards of county commissioners may from time to time determine.

G.S. § 126-5(a)(1)&(2) (emphasis added).

In addition, N.C.G.S. § 126-80 (1999) grants the Preference to the foregoing employees as follows:

It shall be the policy of the State of North Carolina that, in appreciation for their service to this State and this country during a period of war, and in recognition of the time and advantage lost toward the pursuit of a civilian career, veterans shall be granted preference in employment for positions subject to the provisions of this Chapter with every State department, agency, and institution.

However, G.S. § 126-83, entitled "Exceptions," operates to exclude certain employees within the System from the Preference:

Notwithstanding G.S. 126-5, and notwithstanding provisions in that section that only certain Articles of this Chapter apply to some employees, this Article [establishing the Preference] applies to all persons covered by this Chapter [126] except those exempted by G.S. 126-5(c)(2), G.S. 126-5(c)(3), G.S. 126-5(c)(4), G.S. 126-5(c1), G.S. 126-5(c2), or G.S. 126-5(c3), *but* this Article *does not apply* [*i.e.*, the Preference not granted] to those persons covered by G.S. 126-5(a)(2). G.S. 128-15 shall apply to those persons exempted from coverage of this Article, but shall not apply to any person covered by this Article.

G.S. § 126-83 (emphasis added).

Finally, in terms identical to G.S. § 126-80, G.S. § 128-15 accords the Preference to employees "with every State department, agency, and institution," *id.,* as follows:

(a) It shall be the policy of the State of North Carolina that, in appreciation for their service to this State and this country during a period of war, and in recognition of the time and advantage lost toward the pursuit of a civilian career, veterans shall be

granted preference in employment with every State department, agency, and institution.

G.S. § 128-15(a).

It is well established that "[w]hen multiple statutes address a single matter or subject, they must be construed together, in *pari materia*, to determine the legislature's intent." *Taylor v. City of Lenoir*, 129 N.C. App. 174, 178, 497 S.E.2d 715, 719 (1998). Statutes so construed must be harmonized, "to give effect, if possible, to all provisions without destroying the meaning of the statutes involved." *Whittington v. N.C. Dept. of Human Resources*, 100 N.C. App. 603, 606, 398 S.E.2d 40, 42 (1990). In the case *sub judice*, we conclude that the provisions of G.S. §§ 126-5(a)(2), 126-83 and 128-15, construed in *pari materia*, accord the Preference to those employees identified in G.S. § 126-5(a)(2), but excluded under G.S. § 126-83, and described by G.S. § 126-83 as being covered under G.S. § 128-15.

To begin, respondent, an area mental health, mental retardation, substance abuse authority, is subject to the System as provided in G.S. § 126-5(a)(2). G.S. § 126-5(a)(2); *see also* G.S. § 122C-116 (personnel administration of area authorities governed by Chapter 126 unless otherwise provided). G.S. § 126-80 accords the Preference to veterans "for positions subject to the provisions of . . . Chapter [126, *i.e.*, the System] with every State department, agency and institution." G.S. § 126-80. Taking into consideration only the foregoing sections, therefore, G.S. § 126-80 unambiguously mandates that those employers subject to G.S. § 126-5(a)(2), including respondent, must grant the Preference.

However, G.S. § 126-83 designates two categories of employees "[e]xcept[ed]" from the Preference set forth in G.S. § 126-80. The first deals with employees falling within listed statutory sections, including G.S. § 126-5(c)(2), G.S. 126-5(c)(3), G.S. 126-5(c)(4), G.S. 126-5(c1), G.S. 126-5(c2), and G.S. 126-5(c3), *see* G.S. § 126-83, not applicable to the dispute herein.

The second category excepts "those persons covered by G.S. § 126-5(a)(2)," G.S. § 126-83, including employees of "area mental health, mental retardation, substance abuse authorities," G.S. § 126-5(a)(2), such as respondent. Thus, nothing else appearing at this point, respondent would not be required to grant the Preference in selecting employees.

Nonetheless, those persons excepted by G.S. § 126-83 from the (G.S. § 126-80) Preference are expressly designated as "those persons" to whom G.S. § 128-15 "shall apply":

G.S. § 128-15 shall apply to those persons exempted from coverage of this Article, but shall not apply to any person covered by this Article.

G.S. § 126-83.

Lastly, G.S. § 128-15 mandates that the Preference be afforded to employees of "every State department, agency, and institution." G.S. § 128-15. Notwithstanding, respondent insists the section is not applicable to it as an area mental health, mental retardation, substance abuse authority. We disagree.

First, as opposed to the restrictive phrase "State employee," G.S. § 128-15 utilizes more expansive terminology, *i.e.*, employee of "every State department, agency, and institution." G.S. § 128-15. *See State v. Baker*, 229 N.C. 73, 77, 48 S.E.2d 61, 65 (1948) (legislature presumed to have "comprehended the import of the words its employed to express its intent"). Further, as noted above, respondent is a "local political subdivision of the State," G.S. § 122C-116, and its employees are subject to the System, G.S. § 122C-154. Finally, this Court has previously viewed *sub silentio* an employee of an area mental health, mental retardation and substance abuse authority as a State employee who therefore must contest a dispute with the authority before the SPC. *See Hill v. Morton*, 115 N.C. App. 390, 391-93, 444 S.E.2d 683, 684-85, *disc. review allowed*, 337 N.C. 692, 448 S.E.2d 523 (1994), *review improvidently allowed*, 340 N.C. 355, 457 S.E.2d 300 (1995); *see also Clay v. Employment Security Comm.*, 111 N.C. App. 599, 603, 432 S.E.2d 873, 875-76 (1993), *rev'd on other grounds*, 340 N.C. 83, 457 S.E.2d 725 (1995) (only avenue for appeal by applicant for state employment alleging grievance against the State is to SPC under N.C.G.S. § 126-36.1 (1999)).

In sum, construing G.S. § 126-83 and G.S. § 128-15 in *pari materia* and giving effect to all provisions thereof, *see Taylor*, 129 N.C. App. at 178, 497 S.E.2d at 719, and *Whittington*, 100 N.C. App. at 606, 398 S.E.2d at 42, we believe the intent of our General Assembly was to provide unambiguously, pursuant to G.S. § 126-83, that employees of the System designated in G.S. § 126-5(a)(2) are expressly excluded from the Preference afforded by G.S. § 126-80 but, if qualified under G.S. § 128-15, are entitled to the Preference thereunder applicable to

all employees of State departments, agencies and institutions, specifically including G.S. § 126-5(a)(2) employees. *See* G.S. § 126-83. Accordingly, under G.S. § 126-83 and G.S. § 128-15, respondent must provide the Preference to applicants for employment meeting the veteran qualification.

Respondent counters that G.S. § 126-5(a)(2) employees do not fall within the category of "exempted" employees subject to G.S. § 128-15. Respondent seeks to distinguish use of the word "exempted" in G.S. § 126-83 from the phrase "does not apply" in that section. According to respondent, G.S. § 126-5(a)(2) employees were not expressly deemed "exempt" within G.S. § 126-83 as were employees under the statutory sections specifically designated in G.S. § 126-83. We believe respondent's reading of G.S. § 126-83 is far too strained.

We note that the title "Exceptions" was given to G.S. § 126-83 by our General Assembly, thus indicating its intended function of providing "exceptions" to the G.S. § 126-80 Preference. Thus, among the "exceptions" is that G.S. § 126-80 shall "not apply to those persons covered by G.S. 126-5(a)(2)," G.S. § 126-83, and that G.S. § 128-15 "shall apply to those persons exempted from coverage of [G.S. § 126-80]," G.S. § 126-83. To adopt respondent's convoluted construction of G.S. § 126-83 would lead to misinterpretation of the specified operation of the section, that is, to set forth "Exceptions" to the Preference granted in G.S. § 126-80.

The term "*exempted,*" as used in the last sentence of G.S. § 126-83, thus creates an overall "[e]xception" so as to allow receipt of the G.S. § 128-15 Preference by any employee excluded or exempted by G.S. § 126-83 from entitlement to the G.S. § 126-80 Preference. Simply stated, under G.S. § 126-83, the Preference provided in G.S. § 126-80 applies except as to those employees described or named in G.S. § 126-83, to whom the G.S. § 126-80 Preference "shall not apply." G.S. § 126-83. As to these employees, the Preference provided in G.S. § 128-15 does "apply."

Both parties cite *Davis v. Vance County Department of Social Services.* The decision is the sole reported case interpreting G.S. § 128-15, and we agree with respondent's concession that our holding therein

> implicitly and indirectly supports the conclusion that [] G.S. § 128-15 applies to employees covered under [] G.S. § 126-5(a)(2).

In *Davis*, the petitioner, a local employee subject to the System pursuant to G.S. § 126-5(a)(2), applied for promotion to a position requiring a four-year college degree. *Davis*, 91 N.C. App. at 429, 372 S.E.2d at 88-89. The petitioner was not selected by respondent, Vance County Department of Social Services (DSS), because he had not obtained a four-year degree and thereby lacked the minimum educational requirement for the position. *Id.* The petitioner instituted suit against DSS, asserting the G.S. § 128-15 Preference was applicable and that his military service might serve as an educational equivalent or substitute. *Id.* at 431, 372 S.E.2d at 90. This Court rejected the petitioner's argument in *Davis*, observing that

> *[a]lthough the statute awards a preference rating of ten points to veterans who apply for employment with the State or any of its departments*, it states nowhere that the minimum requirements specified for a position may be ignored. In fact, the statute specifically states that "[a]ll the departments or institutions of the State, or their agencies, shall give preference in appointments and promotional appointments to *qualified* veteran applicants. . . ."

*Id.* (emphasis added).

Significantly, this Court did not rule that the *Davis* petitioner was ineligible for the Preference under G.S. § 128-15, but rather that the Preference did not serve to qualify him for a position he was otherwise unqualified to hold. Thus, this Court implicitly ruled that DSS, a local social services department covered under G.S. § 126-5(a)(2), was subject to the mandate of G.S. § 128-15.

However, we note the scope of *Davis* is limited and that the case was decided prior to the 1991 revision of G.S. § 126-83, which added the last sentence explicitly applying G.S. § 128-15 to employees excepted thereunder from the G.S. § 126-80 Preference. The 1991 amendment to G.S. § 126-83 may be seen as a legislative clarification of *Vance*, *i.e.*, to make explicit what had only been implied in the opinion. *See Blackmon v. N.C. Dept. of Correction*, 118 N.C. App. 666, 673, 457 S.E.2d 306, 310 (1995), *aff'd*, 343 N.C. 259, 470 S.E.2d 8 (1996) ("it is appropriate to assume the legislature is aware of any judicial construction of a statute").

In any event, we hold the clear, unambiguous language of each pertinent statute establishes that G.S. § 126-83 makes the G.S. § 128-15 Preference applicable to local area authorities covered by

G.S. § 126-5(a)(2). Accordingly, the judgment of the trial court is reversed and this matter remanded to that court with instruction that it further remand to respondent, the Local Appointing Authority, *see* N.C.G.S. § 126-37(b1) (1999), for disposition not inconsistent with our opinion herein.

Reversed and remanded with instructions.

Chief Judge EAGLES and Judge EDMUNDS concur.