ANNE CARSON FOARD, Plaintiff v. AVERY COUNTY BANK and FIRST CITIZENS BANK & TRUST COMPANY, Defendants

No. COA04-750

(Filed 5 April 2005)

**1. Securities— purchase of shares in merger—tender of payment—required information**

A purchasing bank's tender of payment for shares in the purchased bank was incomplete where it lacked required information as to how the fair value of the stocks was calculated. The clear legislative intent of N.C.G.S. § 55-13-25 is to adequately inform shareholders of their rights and provide sufficient information for shareholders to assess the necessity of a judicial appraisal of the shares.

**2. Securities— purchase of shares in merger—dissenter's demand for appraisal—statute of limitations**

The trial court erred by dismissing an action for judicial appraisal of stock for being outside the required time period under N.C.G.S. § 55-13-30(a) where defendants did not include the required information with their tendered payment, so that the payment was not complete. The proper time for determination of plaintiff's filing date was the date of her dissenter's demand for payment, and plaintiff began this action within sixty days of that date, as required.

Appeal by plaintiff from an order entered 7 April 2004 by Judge James L. Baker, Jr. in Avery County Superior Court. Heard in the Court of Appeals 13 January 2005.

*Clement Law Office, by Charles E. Clement, for plaintiff-appellant.*

*Ward and Smith, P.A., by Gary J. Rickner and Donalt J. Eglinton, for defendant-appellees.*

*Attorney General Roy A. Cooper, III, by Assistant Attorney General P. Bly Hall, for the State, amicus curiae.*

HUNTER, Judge.

Anne Carson Foard ("plaintiff") appeals from an order dated 1 April 2004 dismissing her action for judicial appraisal of shares of

stock in Avery County Bank prior to its merger with First Citizens Bank & Trust (collectively "defendants"). For the reasons stated herein, we reverse the dismissal.

In 2003, First Citizens Bank & Trust ("FCB") purchased and merged with Avery County Bank ("ACB"). As required by N.C. Gen. Stat. § 55-13-20 (2003), ACB sent a notice on 27 June 2003 to all shareholders, including plaintiff, regarding a special meeting on 5 August 2003 to consider and vote on the Agreement and Plan of Share Exchange between ACB and FCB ("the Merger"). Included in the notice were the statutory rights of dissenters to the Merger, the proposed amount to be paid for shares, and the recent financial history of ACB.

Plaintiff timely exercised her right to dissent within the thirty days required by N.C. Gen. Stat. § 55-13-21 (2003) on 29 July 2003. Upon completion of the required forms and surrender of her shares, plaintiff received notification, dated 5 November 2003, that her payment demand had been received. Enclosed with the notification was a check for $78,144.40, calculated at a rate of $2,604.00 for each of plaintiff's thirty shares, plus interest. In an attempt to comply with N.C. Gen. Stat. § 55-13-25(b) (2003), the check was accompanied by a copy of ACB's financial statements, an explanation of how interest was calculated, a statement of dissenter's right to demand payment, a brief statement regarding the fair value of the stock, and a copy of Article 13 of the North Carolina Business Corporation Act.

On 5 December 2003, plaintiff notified defendants of her dissent as to the fair value of the shares, and requested an accounting of defendants' computation as to the fair value. Plaintiff then applied for an extension of time to file a complaint for judicial appraisal of her shares on 20 January 2004, which was granted, and filed her complaint in this matter on 9 February 2004.

On 3 March 2004, defendants filed a motion to dismiss, on the grounds that plaintiff had not brought her action for judicial appraisal within the required time limit of N.C. Gen. Stat. § 55-13-30 (2003). The trial court granted the motion and dismissed the action on 1 April 2004. Plaintiff appeals.

The related assignments of error in this case are whether the trial court erred in its interpretation of "payment," as defined in § 55-13-25, and as a result improperly applied the time limitations of § 55-13-30(a) in determining whether plaintiff's claim was

**FOARD v. AVERY CTY. BANK**

[169 N.C. App. 625 (2005)]

timely filed. Plaintiff withdrew her additional assignment of error at oral argument before this Court, and we therefore do not address that issue.

[1] Plaintiff first contends the trial court erred in granting the motion to dismiss due to its erroneous interpretation of payment as prescribed by § 55-13-25 of the North Carolina General Statutes. Plaintiff contends that the use of "shall" in § 55-13-25(b) makes the inclusion of the required information in that subsection mandatory for a payment to be complete. We agree.

Section 55-13-25 of the North Carolina Business Corporation Act, entitled Payment, is a subsection of Article 13, which provides statutory rights for dissenters to a corporate action. The statute provides that:

> (a) As soon as the proposed corporate action is taken, or within 30 days after receipt of a payment demand, the corporation shall pay each dissenter who complied with G.S. 55-13-23 the amount the corporation estimates to be the fair value of his shares, plus interest accrued to the date of payment.

N.C. Gen. Stat. § 55-13-25(a). The statute contains a second subsection which requires the payment to be accompanied by certain items of information:

> (b) The payment shall be accompanied by:
>
> (1) The corporation's most recent available balance sheet as of the end of a fiscal year ending not more than 16 months before the date of payment, an income statement for that year, a statement of cash flows for that year, and the latest available interim financial statements, if any;
>
> (2) An explanation of how the corporation estimated the fair value of the shares;
>
> (3) An explanation of how the interest was calculated;
>
> (4) A statement of the dissenter's right to demand payment under G.S. 55-13-28; and
>
> (5) A copy of this Article.

N.C. Gen. Stat. § 55-13-25(b).

In interpreting our state statutes, "the primary function of this Court is to 'ensure that the purpose of the Legislature in enacting the

law, sometimes referred to as legislative intent, is accomplished.' To determine legislative intent, we examine the language and purpose of the statute." *Albemarle Mental Health Ctr. v. N.C. Dep't of Health & Human Servs.*, 159 N.C. App. 66, 68, 582 S.E.2d 651, 653 (2003) (citations omitted).

" 'Statutory interpretation properly begins with an examination of the plain words of the statute.' *Correll v. Division of Social Servc.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). 'If the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms.' " *Three Guys Real Estate v. Harnett County*, 345 N.C. 468, 472, 480 S.E.2d 681, 683 (1997) (citations omitted). Our Courts have previously held that the use of the term "shall" in a statute makes the provision mandatory. In *Bailey v. Western Staff Servs.*, 151 N.C. App. 356, 566 S.E.2d 509 (2002), this Court, in interpreting a portion of the workers' compensation statute, found that when a statute stated that payment "shall be accompanied by" specific forms, use of those forms was mandatory. *Id.* at 360, 566 S.E.2d at 512.

Similarly, § 55-13-25 requires more than a mere tender of monetary compensation for the shares. The statute specifies that such a tender "shall be accompanied by" specific information. As the clear legislative intent in this statute is to adequately inform the shareholder as to their rights and provide sufficient information for the shareholder to assess the necessity of a judicial appraisal of the shares, such a requirement must be read as mandatory, rather than permissive.

Here, plaintiff submitted written notice of her dissent to the Merger on 29 July 2003 and submitted a payment demand to defendants following the Merger. Plaintiff received the sum of $78,144.40 from defendants in a letter dated 5 November 2003. The letter contained the required explanation as to the calculation of interest, and plaintiff's right to demand payment as a dissenter under § 55-13-28. Accompanying the letter and checks was a copy of the financial information required by § 55-13-25(b)(1), as well as a copy of Article 13 of the North Carolina Business Corporation Act. However, the letter failed to offer an explanation as to how the fair value of the stocks was calculated, stating only:

We actually estimated the "fair value" of your shares at less than $78,120. We paid a substantial premium to acquire majority ownership of ACB in the Acquisition, and we estimate that the "fair

value" to which you are entitled under Section 55-13-01(3) of the North Carolina General Statutes is substantially less than $78,120. The reason is that under Section 55-13-01(3) "fair value" is based on the value of your shares before the Share Exchange, without appreciation in anticipation of the Share Exchange unless that exclusion would be inequitable. Nevertheless, we did not want to pay you less per share than other ACB shareholders are receiving in the Acquisition, so we include the full amount per share provided for in the agreement governing the Acquisition.

Defendants conceded at oral argument that they essentially offered only a statement that they believed they were offering more than fair value. A dissenter cannot properly assess whether a judicial appraisal of shares is necessary without an explanation as to how the fair value offered was reached, and the failure to include such information undercuts the clear legislative intent of the statute. As § 55-13-25 requires the tender of both a monetary sum and required information to be rendered complete, defendants' proffered payment which lacked essential information failed to comply with the statute, and thus was incomplete.

[2] In her related second assignment of error, plaintiff contends that as a result of the trial court's erroneous interpretation of payment under § 55-13-25, plaintiff's claim was improperly dismissed under § 55-13-30. We agree.

Section 55-13-30 requires a dissenter seeking judicial appraisal of shares to "commence a proceeding within 60 days after the earlier of (i) the date payment is made under G.S. 55-13-25, or (ii) the date of the dissenter's payment demand under G.S. 55-13-28[,]" N.C. Gen. Stat. § 55-13-30(a). The statute further states that "[a] dissenter who takes no action within the 60-day period shall be deemed to have withdrawn his dissent and demand for payment." *Id.*

"It is well established that '[w]hen multiple statutes address a single matter or subject, they must be construed together, in *pari materia*, to determine the legislature's intent.' " *Wright v. Blue Ridge Area Auth.*, 134 N.C. App. 668, 672, 518 S.E.2d 772, 775 (1999) (citation omitted). " ' "[W]here one statute deals with certain subject matter in particular terms and another deals with the same subject matter in more general terms, the particular statute will be viewed as controlling in the particular circumstances absent clear legislative intent to the contrary." ' " *Woodburn v. N.C. State Univ.*, 156 N.C. App. 549, 553, 577 S.E.2d 154, 157 (2003) (citations omitted).

**ELLIS-DON CONSTR., INC. v. HNTB CORP.**

[169 N.C. App. 630 (2005)]

Section 55-13-30's specific reference to payment as made under § 55-13-25 indicates that the latter is the particular statute, and therefore its meaning of payment is controlling for determination of the sixty day period. Thus a dissenter must commence an action within sixty days after the earlier of the date of a completed payment made under § 55-13-25, including both the actual monetary sum and all required accompanying information, or the date of the dissenter's payment demand under § 55-13-28. *See* N.C. Gen. Stat. § 55-13-30(a).

Here, as discussed *supra*, defendants failed to make a completed payment under § 55-13-25. Thus the proper date for determination of the sixty day filing period is the date of the dissenter's payment demand made under § 55-13-28. Plaintiff made such a demand on 5 December 2003, and properly filed for an extension of time to file a complaint for judicial appraisal on 20 January 2004. As plaintiff commenced the action within sixty days of the dissenter's payment demand, the trial court erred in dismissing the action for failure to file within the required time period under § 55-13-30(a).

For the reasons stated herein, we reverse the decision of the lower court.

Reversed.

Judges BRYANT and JACKSON concur.