GEORGE B. CLAY, APPELLEE/PETITIONER v. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, APPELLANT/RESPONDENT

No. 9210SC435

(Filed 17 August 1993)

**State § 12 (NCI3d)— applicant for State job—grievance based on age discrimination—time for filing petition for contested case hearing**

Petitioner, an applicant for State employment who was over 40 years of age and whose grievance against the State alleged discrimination based on his age and veteran's preference, had thirty days after he received notice that another applicant

had been placed in the position to file his petition for a contested case hearing with the Office of Administrative Hearings.

**Am Jur 2d, Job Discrimination §§ 1241, 1289.**

Appeal by respondent from order signed 5 February 1992 and filed 11 February 1992 by Judge Coy E. Brewer, Jr. in Wake County Superior Court. Heard in the Court of Appeals 1 April 1993.

In the fall of 1985, petitioner, who is over forty years of age, applied for the position of Disabled Veterans' Outreach Specialist (DVOS) with respondent Employment Security Commission ("ESC"). On 22 November 1985, petitioner was advised that he had not been selected for the position. Petitioner now alleges in this action that he was not hired for this position as a result of illegal discrimination, including age discrimination and discrimination on the basis of veteran's preference.

Subsequently, the parties concede that petitioner filed a grievance with the Chairman of the ESC dated 1 February 1986, which the Chairman received on 10 February 1986. After an investigation, the Chairman informed petitioner by letter dated 24 March 1986 of the final agency decision that there had been no discrimination in the selection process and advised petitioner of his right to appeal to the State Personnel Commission (the "Commission"). On 3 April 1986, petitioner filed an appeal with the Office of State Personnel to receive a contested case hearing in the Office of Administrative Hearings ("OAH").

The ESC subsequently moved that the matter be dismissed for lack of jurisdiction as it was untimely filed, and on 3 November 1986, the administrative law judge assigned to the case in the OAH denied ESC's motion. On 17 November 1989, the administrative law judge filed her recommended decision that petitioner be placed into the DVOS position, effective 1 December 1985, with back and prospective pay, attorney's fees and all the benefits of continued permanent employment with the State as of that date. Additionally, the judge again denied ESC's motion to dismiss and recommended that the ESC promulgate a rule concerning disabled veterans.

On 8 March 1990, the ESC entered exceptions to the recommended decision and another motion to dismiss. On 18 April 1990, the Commission entered a decision and order dismissing petitioner's

**CLAY v. EMPLOYMENT SECURITY COMM.**

[111 N.C. App. 599 (1993)]

appeal with prejudice for lack of jurisdiction as it was untimely filed. In May 1990, petitioner filed a petition for judicial review. On 30 April 1991, this case was heard in Wake County Superior Court. On 5 February 1992, Judge Coy E. Brewer, Jr. signed an order out of session reversing the decision of the Commission and remanding the case to the Commission with instructions that the Commission adopt the recommended decision of the administrative law judge, including all relief provided for in that decision. From this order, respondent appeals.

*David P. Voerman for appellee/petitioner.*

*Employment Security Commission of North Carolina, by Chief Counsel T. S. Whitaker and Staff Attorney C. Coleman Billingsley, Jr., for appellant/respondent.*

ORR, Judge.

The issue on appeal is whether the trial court erred in reversing the decision of the State Personnel Commission and remanding the case to the Commission with the instructions that the Commission adopt the recommended decision of the administrative law judge. We agree with the respondent and reverse the trial court's order for the reasons stated below.

Petitioner has been employed by ESC as a temporary employee in the position of Intermittent Interviewer I since 1979. Since June 1982, petitioner has been considered and not hired for four permanent positions, the last of which was the position of DVOS that was available in October, 1985, which position is the subject of this case.

In the fall of 1985, an advertisement was made for the position of DVOS in the New Bern office of the ESC for which petitioner applied. The parties stipulated that petitioner met the minimum requirements for this position and that petitioner was entitled to veteran's preference in terms of selection. Subsequently, three individuals were eventually chosen to be interviewed for the position: the petitioner, Franklin Arnath, and Oliver Blue. Managers from the New Bern office of the ESC interviewed all three individuals. Subsequently, Arnath was recommended for and placed in the position. On 22 November 1985, petitioner was informed orally that someone else had been hired for the DVOS position.

As previously stated, the parties acknowledge that on 10 February 1986, the Chairman of the ESC received a grievance from petitioner dated 1 February 1986. This grievance apparently alleged that petitioner had not been hired for the position of DVOS as a result of illegal discrimination. After an investigation, the Chairman informed petitioner of the final agency decision by letter dated 24 March 1986, that there was no supportable evidence of discrimination and that the agency would take no further action in regard to petitioner's grievance. Additionally, the letter advised petitioner of his right to appeal to the Commission "within thirty (30) calendar days after receipt of this letter . . . ." Relying on this letter, petitioner filed his appeal with the Office of State Personnel on 3 April 1986.

I.

The North Carolina Administrative Procedure Act which is codified at Chapter 150B of the General Statutes, governs judicial review of administrative agency decisions. Our standard of review in the present case is governed by N.C. Gen. Stat. § 150B-51(b) (1991), the same scope of review utilized by superior courts. *Jarrett v. North Carolina Dep't of Cultural Resources*, 101 N.C. App. 475, 478, 400 S.E.2d 66, 68 (1991). Under N.C.G.S. § 150B-51(b) (1991), a court may "reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced . . . ." Petitioner's rights may have been prejudiced under the statute if the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence . . . in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51(b) (1991).

"Our review is further limited to the exceptions and assignments of error set forth to the order of the superior court." *Walker v. North Carolina Dep't of Human Resources*, 100 N.C. App. 498,

502, 397 S.E.2d 350, 353 (1990), *disc. review denied, writ of supersedeas denied*, 328 N.C. 98, 402 S.E.2d 430 (1991) (citation omitted). "The proper standard to be applied depends on the issues presented on appeal. If it is alleged that an agency's decision was based on an error of law then a *de novo* review is required." *Id.* at 502, 397 S.E.2d at 354. "Incorrect statutory interpretation by an agency constitutes an error of law under G.S. 150B-51(b) and allows this [C]ourt to apply a *de novo* review." *Brooks v. Rebarco, Inc.*, 91 N.C. App. 459, 464, 372 S.E.2d 342, 345 (1988).

II.

First, respondent ESC contends that the trial court erred by not affirming the decision and order of the Commission dismissing the petitioner's appeal for lack of jurisdiction as it was untimely filed. We agree.

"The right to appeal to an administrative agency is granted by statute, and compliance with statutory provisions is necessary to sustain the appeal." *Lewis v. North Carolina Dep't of Human Resources*, 92 N.C. App. 737, 739, 375 S.E.2d 712, 714 (1989). Although Chapter 150B of the North Carolina General Statutes governs our review of the Commission's decision, the jurisdiction of the administrative law judge, and thus the jurisdiction of the Commission over this action must be granted pursuant to Chapter 126. *Batten v. North Carolina Dep't of Correction*, 326 N.C. 338, 342, 389 S.E.2d 35, 38 (1990).

In the case *sub judice*, petitioner is an applicant for state employment who is over 40 years of age and whose grievance against the state alleges discrimination based on his age and veteran's preference. Under Chapter 126, petitioner's only avenue for appeal is to the State Personnel Commission under N.C. Gen. Stat. § 126-36.1 (1991).

G.S. § 126-36.1 (1991) provides, "Any applicant for State employment who has reason to believe that employment was denied in violation of G.S. 126-16 shall have the right to appeal directly to the State Personnel Commission." G.S. § 126-16 (1991) provides:

All State departments and agencies and all local political subdivisions of North Carolina shall give equal opportunity for employment and compensation, without regard to race, religion, color, creed, national origin, sex, age, or handicapping condition . . . to all persons otherwise qualified, except where

specific age, sex or physical requirements constitute bona fide occupational qualifications necessary to proper and efficient administration. This section with respect to equal opportunity as to age shall be limited to individuals who are at least 40 years of age.

Thus, under G.S. §§ 126-36.1 and 126-16, petitioner had a right of direct appeal to the Commission in the present case. The issue is not, however, whether petitioner had the right to appeal to the Commission, but it is whether petitioner filed his appeal with the Commission in a timely fashion.

Under Chapter 126, "[a]ppeals involving a disciplinary action, alleged discrimination, and any other contested case arising under this Chapter shall be conducted in the Office of Administrative Hearings as provided in Article 3 of Chapter 150B . . . ." N.C. Gen. Stat. § 126-37 (1991). Under Article 3 of Chapter 150B, "[a] contested case shall be commenced by filing a petition with the Office of Administrative Hearings and, except as provided in Article 3A of this Chapter, shall be conducted by that Office." N.C. Gen. Stat. § 150B-23(a) (1991). Further, an applicant for employment to whom Chapter 126 applies "may commence a contested case under [Article 3 of Chapter 150B] in the same manner as any other petitioner. The case shall be conducted in the Office of Administrative Hearings in the same manner as other contested cases under [Article 3 of Chapter 150B]. . . ." G.S. § 150B-23(a). Thus, as a procedural matter, petitioner's appeal in the present case would commence by filing a petition for a contested case hearing with the OAH. In order to determine whether petitioner timely filed this action with the Commission, therefore, we must determine the applicable time limit in which petitioner would have to appeal to the OAH.

In our review of the statutory framework establishing time limits for appeals under Chapter 126, we have not found a section that specifically establishes the time limit for an appeal to the OAH by an individual who is not currently an employee of the state. The applicable time limit set for filing an appeal by an employee, however, is found in N.C. Gen. Stat. § 126-38 (1991) which states, "Any employee appealing any decision or action shall file a petition for a contested case with the Office of Administrative Hearings as provided in G.S. 150B-23(a) no later than 30 days after

receipt of notice of the decision or action which triggers the right of appeal."

When an individual commences an action for a liability created by statute and no time limit for commencing the action is mentioned in the statute creating the liability, the applicable statute of limitations is three years. N.C. Gen. Stat. § 1-52 (1983 & Supp. 1992). If this Court were to apply this three-year statute of limitations to the present action, however, an applicant for state employment would receive more favorable treatment than a state employee. We do not believe that the Legislature intended to treat prospective state employees more favorably than present state employees. For this reason, we conclude that legislative intent requires the application of the statute of limitations that is applicable to state employees found in G.S. § 126-38 to the present action.

Our analysis is bolstered by Sec. 9, p. 13 of the Model Procedure contained in the Personnel Manual of the North Carolina Office of State Personnel. This section states, in pertinent part, that an applicant for employment who has reason to believe that employment was denied because of age "must appeal an alleged act of discrimination to the department grievance procedure or the State Personnel Commission within thirty calendar days of the alleged discriminatory action." Thus, petitioner had thirty days after he received notice of the decision or action which triggered his right of appeal to file his petition for a contested case hearing with the OAH.

Petitioner was informed orally on 22 November 1985 that someone else had been hired for the DVOS position. Under N.C. Gen. Stat. § 126-36.1 (1991) petitioner had the right of direct appeal to the Commission at this time. Thus, this was the act that triggered petitioner's right to appeal, and he had thirty days from this date in which to file his petition for a contested case hearing with the OAH. Petitioner took no action in this case before this thirty days expired.

Then by letter dated 1 February 1986, petitioner filed a . grievance with the Chairman of the ESC apparently alleging that he had been discriminated against based on his age and veteran's preference. After an investigation, the Chairman informed petitioner by a letter dated 24 March 1986 of the agency's decision that no discrimination had occurred in the hiring of another person for the DVOS position and that the agency would take no further

action in regard to petitioner's grievance. Then on 3 April 1986, petitioner filed his appeal with the Office of State Personnel for the OAH to conduct a contested case hearing. This appeal was filed more than thirty days after the act which triggered petitioner's right to appeal. Thus petitioner's appeal was untimely, and the Commission correctly dismissed this action.

Petitioner argues, however, that his appeal was timely filed as he filed it within thirty days after he had exhausted the internal grievance procedure. We do not agree. Even if the internal grievance procedure, which does not appear to be statutorily authorized under the facts of this case, would toll the applicable statute of limitations, petitioner failed to attempt to seek redress before the thirty days had expired after he had been informed that he had not been hired.

Accordingly, we reverse the decision of the trial court and remand this case for entry of judgment in accordance with this opinion, affirming the State Personnel Commission's dismissal of petitioner's action.

Reversed and Remanded.

Judges JOHNSON and McCRODDEN concur.