GEORGE B. CLAY, PETITIONER v. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENT

No. 480PA93

(Filed 2 June 1995)

## Public Officers and Employees § 63 (NCI4th)— discrimination in state hiring—statute of limitations

Petitioner's case was not time barred where he was an intermittent employee of the Employment Security Commission who was considered for the permanent position of Disabled Veterans' Outreach Specialist in October of 1985; he was not selected for the position, although he was a disabled veteran of the Vietnam era and met the minimum requirements; he filed a grievance alleging discrimination based on age and veteran's preference; the chair of the ESC concluded that no evidence of discrimination existed and informed petitioner of the decision by letter on 24 March 1986; and petitioner filed an appeal with the Personnel Commission and requested a contested case hearing on 3 April 1986. The applicable statute of limitations is N.C.G.S. § 1-52(2), which provides that an action created by statute must be commenced within three years unless the statute provides a different limitation. An applicant for state employment commences a discrimination claim by filing an appeal with the Personnel Commission requesting a contested case hearing in the Office of Administrative Hearings, which effectively constitutes commencement of litigation even though the action is technically an appeal of an adverse employment decision. The employment decision giving rise to petitioner's appeal occurred in October of 1985 and Petitioner filed an appeal with the Personnel Commission on 3 April 1986, within 3 years of the date of the allegedly discriminatory employment decision. N.C.G.S. § 150B-23 has now been amended to provide a 60 day default time limitation, which applies to people in petitioner's position whose claims arose on or after the effective date of the statute.

**Am Jur 2d, Public Officers and Employees § 38.**

**Rights of state and municipal public employees in grievance proceedings. 46 ALR4th 912.**

Justice ORR did not take part in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 111 N.C. App. 599, 432 S.E.2d 873 (1993), reversing a judgment entered 5 February 1992 by Brewer, J., in Superior Court, Wake County. Heard in the Supreme Court 14 February 1995; opinion filed 7 April 1995; said opinion superseded by this opinion

filed 2 June 1995 upon the allowance of respondent's petition for rehearing.

*Voerman & Carroll, P.A., by David P. Voerman, for petitioner-appellant.*

*T.S. Whitaker, Chief Counsel, and C. Coleman Billingsley, Jr., Staff Attorney, for respondent-appellee.*

WHICHARD, Justice.

Petitioner was an intermittent employee of the Employment Security Commission (ESC) when the ESC considered him for the permanent position of Disabled Veterans' Outreach Specialist (DVOS) in October 1985. The ESC did not select petitioner for the position, though he met the minimum requirements and was a disabled veteran of the Vietnam era. Petitioner filed a grievance with the chairman of the ESC on 1 February 1986 alleging discrimination on the bases of age and veterans' preference. After an investigation the chairman concluded that no evidence of discrimination existed. He informed petitioner of his decision by letter dated 24 March 1986; the letter also informed petitioner he could appeal the chairman's decision to the State Personnel Commission within thirty days of petitioner's receipt of the letter. On 3 April 1986 petitioner filed an appeal with the Personnel Commission and requested a contested case hearing in the Office of Administrative Hearings (OAH).

The ESC moved to dismiss the matter for lack of jurisdiction on the ground that it was not timely filed. Administrative Law Judge Angela R. Bryant denied this motion on 3 November 1986. On 17 November 1989 Judge Bryant filed a recommended decision which included extensive findings of fact and conclusions of law. She concluded that the ESC had prejudiced petitioner's rights by failing to accord a preference to disabled Vietnam veterans when hiring a DVOS. She further concluded that the ESC had discriminated against petitioner on the basis of age. Judge Bryant recommended that the ESC place petitioner into the DVOS position effective 1 December 1985 with back and front pay, benefits and attorney's fees; she also denied the ESC's renewed motion to dismiss. On 8 March 1990 the ESC entered exceptions to the recommendation and filed another motion to dismiss.

The Personnel Commission dismissed petitioner's appeal with prejudice on 18 April 1990 "for lack of jurisdiction as it was untimely filed." On 16 May 1990 petitioner sought judicial review of the Commission's decision. Judge Brewer heard the case in Superior Court, Wake County, on 30 April 1991. He entered an order on 5 February 1992 reversing the Commission's decision and remanding the case to the Commission with instructions to adopt Judge Bryant's recommended decision, including all relief provided therein. The ESC appealed to the Court of Appeals, which reversed Judge Brewer's order.

## CLAY v. EMPLOYMENT SECURITY COMM.

[340 N.C. 83 (1995)]

The Court of Appeals, without passing on the merits of the discrimination claim, held that the trial court erred by reversing the Commission's decision and order which dismissed petitioner's appeal for lack of jurisdiction. The court concluded that chapter 126 of the North Carolina General Statutes governed petitioner's right to appeal the ESC's action and that the time limit contained in N.C.G.S. § 126-38 should apply to petitioner's case. Section 126-38 provides: "Any employee appealing any decision or action shall file a petition for a contested case with the Office of Administrative Hearings as provided in G.S. 150B-23(a) no later than 30 days after receipt of notice of the decision or action which triggers the right of appeal." Although intermittent employees like petitioner are not considered "employees" for purposes of chapter 126, the Court of Appeals did "not believe that the Legislature intended to treat prospective state employees more favorably than present state employees." *Clay v. Employment Security Comm.*, 111 N.C. App. 599, 605, 432 S.E.2d 873, 876 (1993). It thus determined that "legislative intent requires the application of the statute of limitations that is applicable to state employees found in G.S. § 126-38 to the present action." *Id.*

The Court of Appeals further concluded that petitioner's oral notice from the ESC on 22 November 1985 that he had not been selected for the DVOS position triggered his right to appeal. He filed his petition on 3 April 1986, more than thirty days after the oral notification. The Court of Appeals therefore concluded that the Commission had properly dismissed the case for lack of jurisdiction based on petitioner's failure to file his appeal within the time period prescribed by N.C.G.S. § 126-38.

We agree with the Court of Appeals' conclusion that petitioner had a right to appeal the ESC's action to the Personnel Commission. However, we hold that the court improperly created a new statute of limitations pertaining to such appeals by applicants for state employment when it applied N.C.G.S. § 126-38 to this case. We therefore reverse the Court of Appeals on that issue.

Petitioner's right to appeal to the Personnel Commission arises under N.C.G.S. § 126-36.1, which provides: "Any applicant for State employment who has reason to believe that employment was denied in violation of G.S. 126-16 shall have the right to appeal directly to the State Personnel Commission." N.C.G.S. § 126-16 provides:

All State departments and agencies and all local political subdivisions of North Carolina shall give equal opportunity for employment and compensation, without regard to race, religion, color, creed, national origin, sex, age, or handicapping condition . . . to all persons otherwise qualified, except where specific age, sex or physical requirements constitute bona fide occupational qualifications necessary to

proper and efficient administration. This section with respect to equal opportunity as to age shall be limited to individuals who are at least 40 years of age.

Petitioner alleged a violation of this statute and thus had a right to appeal to the Commission.

The issue before us is the proper time limit for the filing of appeals under N.C.G.S. § 126-36.1. We agree with the Court of Appeals that no section of chapter 126 "specifically establishes the time limit for an appeal to the OAH by an individual who is not currently an employee of the state." *Clay*, 111 N.C. App. at 604, 432 S.E.2d at 876. We disagree, however, with the conclusion that N.C.G.S. § 126-38 should be construed to apply to petitioner's case in the face of such a void. Courts may apply a statute of limitation only to cases clearly within its provisions. *Ocean Hill Joint Venture v. N.C. Dept. of E.H.N.R.*, 333 N.C. 318, 322, 426 S.E.2d 274, 277 (1988); *Fishing Pier v. Town of Carolina Beach*, 274 N.C. 362, 372, 163 S.E.2d 363, 370 (1968). Statutes of limitation " 'should not be extended by construction.' " *Fishing Pier*, 274 N.C. at 372, 163 S.E.2d at 370 (quoting 53 C.J.S. *Limitations of Actions* § 3, at 912 (1948)) (current version at 54 C.J.S. *Limitations of Actions* § 7, at 29 (1987)). These rules ensure that parties have notice of the time limits applicable to their cases.

Petitioner, an intermittent state employee, is not an "employee" for purposes of chapter 126 because article 8 of this chapter applies only to "career State employees." N.C.G.S. § 126-39 (1993). N.C.G.S. § 126-38, which establishes the time limit for appeals, applies only to employees, not to applicants for employment like petitioner.

The statute of limitations applicable to petitioner's case, therefore, is N.C.G.S. § 1-52(2), which provides that an action created by statute must be commenced within three years unless the statute provides a different time limitation. N.C.G.S. § 126-36.1 creates the claim of an applicant for state employment who alleges discrimination by the hiring agency. The applicant commences a discrimination claim by filling an appeal with the Personnel Commission requesting a contested case hearing in the OAH. Although the action is technically an appeal of an adverse employment decision, that appeal effectively constitutes the commencement of the litigation. Under N.C.G.S. § 1-52(2), therefore, a party like petitioner must file an appeal within three years of an allegedly discriminatory action. The employment decision giving rise to petitioner's appeal occurred in October 1985. Petitioner filed an appeal with the Personnel Commission and requested a contested case hearing on 3 April 1986. His claim, therefore, is not time-barred because he commenced his action within three years of the date of the allegedly discriminatory employment decision.

**CLAY v. EMPLOYMENT SECURITY COMM.**

[340 N.C. 83 (1995)]

We note that in 1988 the General Assembly amended N.C.G.S. § 150B-23 by adding subsection (f) which provides a default time limitation of sixty days for claims like petitioner's. 1988 N.C. Sess. Laws ch. 1111, § 5. N.C.G.S. § 150B-23(f) provides:

Unless another statute or a federal statute or regulation sets a time limitation for the filing of a petition in contested cases against a specified agency, the general limitation for the filing of a petition in a contested case is 60 days. The time limitation, whether established by another statute, federal statute, or federal regulation, or this section, shall commence when notice is given of the agency decision to all persons aggrieved who are known to the agency by personal delivery or by [United States mail]. The notice shall be in writing, and shall set forth the agency action, and shall inform the persons of the right, the procedure, and the time limit to file a contested case petition.

N.C.G.S. § 150B-23(f) (Supp. 1994). This provision applies to persons in petitioner's position whose discrimination claims arose on or after the effective date of the statute.

Accordingly, we reverse the decision of the Court of Appeals. The case is remanded to the Court of Appeals with instructions to consider the remaining issues presented in the parties' briefs to that court.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.

| | | |
|---|---|---|
| GEORGE B. CLAY | ) | |
| v. | ) | ORDER |
| EMPLOYMENT SECURITY COMMISSION | ) | |
| OF NORTH CAROLINA | ) | |

No. 480PA93

(Filed 2 June 1995)

Upon consideration of the petition filed by Defendant in this matter for rehearing of the decision of this Court pursuant to Rule 31, N.C. Rules of Appellate Procedure, the following order was entered and is hereby certified to the North Carolina Court of Appeals:

"The petition to rehear is allowed. The Court will not receive further briefs or hear additional arguments. The opinion filed 7 April 1995 is superseded by the opinion filed today.

By order of the Court in conference, this the 2nd day of June, 1995.

Lake, Jr., J.
For the Court