EVIA L. JORDAN, Petitioner v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DIVISION OF MOTOR VEHICLES, Respondent

No. COA99-1379

(Filed 5 December 2000)

## 1. Administrative Law— contested case hearing—designation of position as "exempt policymaking"—timely filed

Petitioner's request on 24 July 1996 for a contested case hearing under N.C.G.S. Ch. 150B was timely filed and she is not barred from contesting the designation of her position of Assistant Commissioner of Motor Vehicles as "exempt policymaking" even though she received written notice in August 1995 that her position had been designated as "exempt policymaking" and she did not contest this designation within the 30-day limitation period under N.C.G.S. § 126-38, because: (1) the 30-day limitation period of N.C.G.S. § 126-38 does not begin to run until notice is provided in accordance with the requirements of that statute; and (2) the written notice petitioner received informing her that her position had been designated as "exempt policymaking" did not inform her of her right to contest the designation, the procedure for contesting the designation, or the time limits for filing her objection to the designation.

2. **Public Officers and Employees— agency decision— "exempt policymaking" position—determination not supported by substantial evidence**

The trial court's order affirming the State Personnel Commission's decision and order determining that the position of Assistant Commissioner of Motor Vehicles is "exempt policymaking" under N.C.G.S. § 126-5(b)(3) is reversed, because: (1) petitioner never assumed any of the duties of the Commissioner and in reality served as the Commissioner's technical assistant; (2) there is nothing in the record to support a conclusion that the position of Assistant Commissioner carried with it the authority to make a final decision as to a settled course of action to be followed within the agency; and (3) even if the record supported a conclusion that the position had final authority within the sections, that authority would not be sufficient to constitute the position as "exempt policymaking."

Appeal by petitioner from order on judicial review filed 7 September 1999 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 19 September 2000.

*Marvin Schiller and David G. Schiller for petitioner-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robert O. Crawford, III, for respondent-appellee.*

GREENE, Judge.

Evia L. Jordan (Petitioner) appeals from a 7 September 1999 order on judicial review in favor of the North Carolina Department of Transportation, Division of Motor Vehicles (Respondent). This order affirmed the Decision and Order of the State Personnel Commission, which affirmed Petitioner's separation from her position as the Assistant Commissioner of Motor Vehicles (Assistant Commissioner).

On 1 June 1993, Petitioner was offered and accepted the position of Assistant Commissioner. The record does not reveal a written job description for this position. Petitioner testified she was "called the chief of staff" and was told

it was [her] responsibility . . . to be in charge of everything and that the [s]ection directors . . . would report to [her] and that [she] would advise them on policy matters, that [she] would con-

duct staff meetings, that [she] would help the [Respondent] to set policy, that [she] would go to speaking engagements on [behalf of the Commissioner of Motor Vehicles (the Commissioner)], [and] that [she] would assume [the Commissioner's] duties in his absence.

She further testified, however, that these duties were "in theory" and she "in fact" never assumed any of the duties of the Commissioner. It "became clear" to Petitioner that she "was hired on as a technical . . . assistant." In other words, she was to "steer" people "in the right direction and let them know if maybe a course of action was against the law or against a statute of some sort or any settled policy." Frederick Aikens (Aikens), appointed acting Commissioner in April of 1996, testified the Assistant Commissioner "had several sections that reported to her directly" and the Assistant Commissioner was required to perform "specific responsibilities for specific sections."

Petitioner received a letter, in August 1995, dated 3 May 1993, from Secretary of Transportation Sam Hunt advising her:

Pursuant to G.S. 126-5(c)(3) and 126-5(d)(1), your position is being redesignated as policy-making exempt effective May 17, 1993. . . . [Y]ou will serve at the pleasure of the Secretary of the Department of Transportation. . . . [T]he provisions of Chapter 126 will no longer apply to your position.

As policy making, your position includes the authority to impose the final decision as to a settled course of action within the mission as defined by the Secretary.

If you have any questions concerning this designation, please feel free to contact the Office of State Personnel.

Petitioner never inquired as to why she received the letter dated 3 May 1993, nor did she review the exemption statutes.

On 25 June 1996, Aikens informed Petitioner he was separating her from her position as Assistant Commissioner. On 24 July 1996, Petitioner filed a petition in the Office of Administrative Hearings for a contested case hearing alleging Respondent acted erroneously in terminating her employment.

On 5-6 January 1998, a contested case hearing was held before an Administrative Law Judge (ALJ). On 7 April 1998, ALJ issued a

Recommended Decision affirming Petitioner's dismissal and determining, in pertinent part, that Petitioner did not timely and properly contest the designation of her position as exempt and the position of Assistant Commissioner was "exempt policymaking." The State Personnel Commission adopted the Recommended Decision on 12 October 1998.

The issues are whether: (I) Petitioner timely and properly contested the designation of her position as exempt policymaking; and (II) Petitioner's position as Assistant Commissioner was properly designated as "exempt policymaking."

I

[1] Respondent argues Petitioner did not timely contest the designation of her position as exempt and, thus, cannot now contest its designation. We disagree.

Once a position is designated as "exempt policymaking," whether or not the designation is correct, an employee wishing to contest such designation must do so according to N.C. Gen. Stat. § 150B. N.C.G.S. § 126-5(h) (1999); N.C.G.S. § 126-34.1(c) (1999). The contested case hearing under N.C. Gen. Stat. § 150B must be requested "no later than 30 days after receipt . . . of the decision" to designate the position as "exempt policymaking." N.C.G.S. § 126-38 (1999); *Clay v. Employment Security Comm.*, 340 N.C. 83, 86, 457 S.E.2d 725, 727 (1995) (N.C. Gen. Stat. § 126-38 applies to "employees" right of appellate review). Notice of the decision must be in writing and inform the employee of her rights, the procedure, and the time limits for filing the contested case hearing. *See Luck v. Employment Security Comm.*, 50 N.C. App. 192, 194, 272 S.E.2d 607, 608-09 (1980) (required by due process); *see also* N.C.G.S. § 150B-23(f) (1999) (for state employment, notice required to applicants who alleged discrimination). The 30-day limitation period of N.C. Gen. Stat. § 126-38 does not begin to run until notice is provided in accordance with these requirements.

In this case, Petitioner received written notice in August 1995 that her position had been designated as "exempt policymaking." The notice did not, however, inform Petitioner of her right to contest the designation, the procedure for contesting the designation, or the time limits for filing her objection to the designation. Accordingly, Petitioner's request for a contested case hearing, filed 24 July 1996,

was timely filed and she is not barred from contesting the designation of her position as "exempt policymaking."

## II

**[2]** Petitioner argues there was not substantial evidence in the record to support the determination her position was "exempt policymaking." We agree.

This Court may reverse or modify an agency's decision if the agency's findings, viewed upon the "whole record," are unsupported by substantial evidence. *Powell v. N.C. Dept. of Transportation*, 347 N.C. 614, 622-23, 499 S.E.2d 180, 184 (1998) (citations omitted). In applying this test, the reviewing court "must review the evidence that was before the [agency]." *Id.* at 624, 499 S.E.2d at 185. A "whole record" review, however, does not allow this Court to replace the agency's judgment in light of two reasonably conflicting views, "but rather requires [this Court] to determine the substantiality of the evidence by taking all the evidence, both supporting and conflicting, into account." *Id.* at 623, 499 S.E.2d at 185 (citations omitted).

A position is "exempt policymaking" if it is "delegated with the authority to impose the final decision as to a settled course of action to be followed within a department, agency, or division." N.C.G.S. § 126-5(b)(3) (1999).

In this case, there is no written job description for the position of Assistant Commissioner. The evidence shows the Assistant Commissioner had the responsibility to advise section directors on policy matters, assist the Commissioner in setting policy, and act as the Commissioner's chief of staff. Petitioner, however, never assumed any of the duties of the Commissioner and in reality served as the Commissioner's technical assistant. There is nothing in this record, certainly not substantial evidence, to support a conclusion that the position of Assistant Commissioner carried with it the authority to make any "final decision as to a settled course of action to be followed within" Respondent. Even if the record supported a conclusion that the position of Assistant Commissioner had final authority within the sections, which it does not, that authority would not be sufficient to constitute the position as "exempt policymaking." *N.C. Dept. of Transportation v. Hodge*, 347 N.C. 602, 606, 499 S.E.2d 187, 190 (1998).

Accordingly, the order of the superior court affirming the Decision and Order of the State Personnel Commission must be

reversed because the Decision and Order, determining that the position of Assistant Commissioner is "exempt policymaking," is not supported by substantial evidence in this record.

Reversed.

Judges MARTIN and EDMUNDS concur.