IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-1013

 Filed: 1 November 2016

Wake County, No. 14 CVS 11587

JOSEPH VINCOLI, Plaintiff

 v.

STATE OF NORTH CAROLINA, Defendant

 Appeal by defendant from order entered 9 June 2015 by Judge Donald W.

Stephens in Wake County Superior Court. Heard in the Court of Appeals 9 March

2016.

 Law Offices of Michael C. Byrne, by Michael C. Byrne, for plaintiff-appellee.

 Attorney General Roy Cooper, by Assistant Attorney General Tamika L.
 Henderson and Special Deputy Attorney General Joseph Finarelli, for the State.

 The McGuinness Law Firm, by J. Michael McGuinness, filed a brief as amicus
 curiae for the State Employees Association of North Carolina.

 CALABRIA, Judge.

 Defendant State of North Carolina (“the State”) appeals from an order denying

its motion for summary judgment and granting Plaintiff Joseph Vincoli’s (“Vincoli”)

motion for summary judgment in a declaratory judgment action initiated by Vincoli.

In its order, the trial court declared that the enactment of N.C. Gen. Stat. § 126-34.02,

a provision of the North Carolina Human Resources Act (“NCHRA”),1 was

 1 Formerly the State Personnel Act.
 VINCOLI V. STATE

 Opinion of the Court

unconstitutional as applied to Vincoli because it did not provide him the right to a

contested case hearing before the Office of Administrative Hearings (“OAH”) to

challenge the designation of his position as “exempt” from the NCHRA. In addition,

the trial court’s order permanently enjoined the State from enforcing the statute

against Vincoli and ordered that the State provide Vincoli with an OAH hearing to

review the designation of his position as exempt. Because we conclude that N.C. Gen.

Stat. § 126-5(h) does provide for the right to such a hearing, we reverse.

 I. Background

 In 2010, Vincoli was hired by the North Carolina Department of Public Safety

(“DPS”) into a position subject to the NCHRA2 and subsequently attained the status

of a “career State employee.” A “career State employee” is afforded certain protections

provided by the NCHRA, such as the right not to be disciplined except for just cause.

However, the NCHRA also grants the Governor the authority to designate positions

within departments of state government, including DPS, as “policymaking” or

“managerial” exempt from the provisions of the NCHRA.

 Until 2013, a career State employee whose non-exempt position was

subsequently designated as exempt was entitled by N.C. Gen. Stat. § 126-34.1(c) to a

contested case hearing before OAH to challenge the propriety of the designation.

 2 We recognize that the NCHRA has since been amended but construe the relevant provisions
as they existed.

 -2-
 VINCOLI V. STATE

 Opinion of the Court

Regarding the process afforded a career state employee aggrieved by an exempt

declaration, our Supreme Court has explained:

 Contested case hearings are conducted by the Office of
 Administrative Hearings (OAH) and are heard by an
 Administrative Law Judge (ALJ). The ALJ makes a
 recommendation to the Commission, N.C.G.S. § 150B-34
 (1995), and the Commission then makes a final decision
 based upon the record from the OAH, N.C.G.S. § 150B-36
 (1995). If the employee or state agency is aggrieved by the
 Commission's final decision, either party may petition the
 superior court for judicial review, N.C.G.S. § 150B-43
 (1995), as petitioner Powell did in this case. Review is then
 conducted in accordance with N.C.G.S. § 150B-51(b).

Powell v. N.C. Dep’t of Transp., 347 N.C. 614, 616-17, 499 S.E.2d 180, 181 (1998).

 On 21 August 2013, the Governor signed into law House Bill 834, which

substantially revised the NCHRA. A career state employee’s ability to challenge an

exempt designation pursuant to the previous process changed with the passage of “An

Act Enhancing the Effectiveness and Efficiency of State Government by Modernizing

the State’s System of Human Resource Management and By Providing Flexibility for

Executive Branch Reorganization and Restructuring . . .” 2013 N.C. Sess. Laws, c.

382 (“the Act”). The Act, inter alia, amended the “Employee Grievance” section of the

NCHRA by repealing N.C. Gen. Stat. § 126-34.1 and replacing it with N.C. Gen. Stat.

§ 126-34.02, which omitted an employee’s action to challenge an exempt designation

as grounds for a contested case hearing and, in effect, eliminated a career state

employee’s opportunity to a contested case hearing before OAH on this issue.

 -3-
 VINCOLI V. STATE

 Opinion of the Court

 On 1 October 2013, Vincoli, who was employed by DPS as a Special Assistant

to the Secretary for Inmate Services and who had attained career status, was notified

that the Governor had declared his position as “managerial exempt.” Approximately

two months later, on 6 December 2013, Vincoli received a letter terminating him from

employment on the stated grounds that “a change in agency staff is appropriate at

this time[.]”

 According to the pleadings in Vincoli’s OAH proceeding,3 Vincoli filed an

internal grievance with DPS challenging the designation of his position as exempt.

In response, Vincoli received a letter from DPS refusing to entertain his grievance on

the basis that “he was not eligible for the internal appeal process as a ‘managerial

exempt’ employee.” Subsequently, Vincoli filed a grievance in the North Carolina

Office of State Human Resources (“OSHR”), which refused to entertain Vincoli’s

grievance, concluding that: “In this particular case and on these particular facts,

OSHR believes that there is no personal or subject matter jurisdiction for any claim

by [Vincoli] for a just cause claim against DPS in either the agency grievance process

or OAH.” As a result, neither DPS nor OSHR issued a final agency decision on the

matter.

 3 Although the pleadings associated with Vincoli’s petition for a contested case hearing before
OAH were initially omitted from the record on appeal, we have granted the State’s motion to take
judicial notice of OAH proceedings.

 -4-
 VINCOLI V. STATE

 Opinion of the Court

 On 16 January 2014, Vincoli filed a petition for a contested case hearing with

OAH, challenging his exemption and subsequent termination without just cause.

Specifically, Vincoli asserted that

 his designation as “managerial exempt” was in fact used to
 disguise a disciplinary dismissal without just cause that
 would fall within the scope of the State Personnel Act’s
 protections against dismissal without just cause. [DPS’]
 action was a sham, pretext exemption designation . . . and
 constituted a de facto dismissal[.]

 In addition, Vincoli asserted that he was entitled to a contested case hearing

based on N.C. Gen. Stat. § 126-5(h), which provides: “In case of dispute as to whether

an employee is subject to the provisions of this Chapter, [the State Personnel Act,]

the dispute shall be resolved as provided in Article 3 of Chapter 150B.” In response,

DPS filed a motion to dismiss, asserting that since Vincoli’s position was designated

as exempt, he was not entitled to challenge DPS’ decision to terminate him.

Additionally, DPS asserted that OAH lacked jurisdiction to determine whether the

classification of Vincoli’s position as managerial exempt was proper, on the basis that

this issue was not included in N.C. Gen. Stat. § 126-34.02, and “[a]ny issue for which

an appeal to OAH has not been specifically authorized cannot be grounds for a

contested case hearing.” Vincoli filed a response to DPS’ motion to dismiss, asserting,

in pertinent part:

 [DPS] takes several pages to state what should be a fairly
 concise argument: The OAH lacks subject matter
 jurisdiction because the General Assembly repealed the

 -5-
 VINCOLI V. STATE

 Opinion of the Court

 portion of N.C.G.S. 126-34.1 listing improper exempt
 designation as appealable. The response is equally concise:
 while that provision was repealed, 126-5(h), mandating
 that disputes on whether one is subject to the State
 Personnel Act “shall be resolved as provided in Article 3 of
 Chapter 150B,” was not. And, as shown below, it is 126-5,
 not 126-34.1, which controls whether a state employee is
 subject to the State Personnel Act. Accordingly, given the
 appeal right arises under 126-5, and that appeal right
 remains in force, the OAH has jurisdiction over [] Vincoli’s
 appeal. . . .

 Vincoli asserted that he had

 properly invoked the subject matter jurisdiction of the
 OAH in two separate and specific manners. He has alleged
 dismissal without just cause under 126-35(a), and has
 likewise alleged a dispute about whether he is subject to
 the State Personnel Act under N.C.G.S. 126-5(h).

 After a hearing, OAH entered an order on 10 April 2014 granting DPS’ motion

to dismiss for lack of subject matter jurisdiction. In its order, OAH made the following

conclusions of law:

 1. Effective August 21, 2013, the law changed
 controlling the matters over which the OAH has original
 jurisdiction, and the General Assembly repealed the right
 to appeal an exempt designation. This statutory change
 removes the rights of a state employee to challenge an
 exempt designation; therefore, the merits of this contested
 case will not be addressed.

 2. As a managerial exempt employee, [Vincoli] is not
 subject to the provisions of Chapter 126. Therefore, G.S.
 126-5(h) does not grant [Vincoli] the right to appeal his
 exempt designation or ultimate dismissal under G.S. 126-
 5(h) and Chapter 150B.

 -6-
 VINCOLI V. STATE

 Opinion of the Court

 3. Only those grievance listed in G.S. 126-34.02 may be
 heard as contested cases in the OAH and only after review
 by the [OSHR]. [Vincoli’s] exempt designation is no longer
 among the grievances listed; therefore, the OAH has no
 subject matter jurisdiction, which is the predicate
 authority for a contested case to proceed. The lack of
 subject matter jurisdiction requires that [Vincoli’s]
 contested case be dismissed.

 Vincoli had thirty days to appeal OAH’s decision to the Court of Appeals of

North Carolina. Vincoli did not timely appeal this order to our Court.

 On 29 August 2014, Vincoli filed a complaint and petition for a declaratory

judgment action under the North Carolina Uniform Declaratory Judgment Act

(“NCUDJA”), N.C. Gen. Stat. § 1-253 to -267, in Wake County Superior Court,

challenging the constitutionality of the Act and specifically the enactment of N.C.

Gen. Stat. § 126-34.02 as applied to him. In his complaint, Vincoli asserted that the

enactment of the challenged statute deprived him of his previously vested property

interest in continued employment with the State without any due process or

compensation. Specifically, Vincoli asserted that:

 [U]pon reaching “career’ status, [Vincoli] had a
 constitutionally protected, fully vested property interest
 with respect to his employment with the State of North
 Carolina that created a reasonable expectation of
 continued employment with the State of North Carolina.
 Prior to the passage of [the Act] and codification of N.C.G.S.
 § 126-34.02, neither the Governor nor any State agency
 could have terminated or deprived Plaintiff of his property
 interest through an “exempt” designation without
 providing Plaintiff due process of law in the form of a
 contested case proceedings[.]

 -7-
 VINCOLI V. STATE

 Opinion of the Court

 Vincoli requested declaratory relief, seeking a declaration that N.C. Gen. Stat.

§ 126-34.02 is unconstitutional and “such additional and further relief as [the court]

deems appropriate.”

 On 7 October 2014, the State moved to dismiss Vincoli’s claims, asserting, inter

alia, that: (1) a career state employee may no longer challenge the designation of his

position as exempt in OAH; (2) OAH lacked jurisdiction to entertain Vincoli’s petition

for a contested case hearing on the issue of whether his position was properly declared

exempt; (3) due to the enactment of N.C. Gen. Stat. § 126-34.02, plaintiff has no cause

of action in OAH to determine the propriety of the designation of his previous position

as managerial exempt; and (4) OAH issued a decision concluding that, under N.C.

Gen. Stat. § 126-34.02, plaintiff had no right to appeal the designation of his former

position as managerial exempt. Accordingly, the State requested that the superior

court deny Vincoli’s complaint and petition for declaratory judgment as well as all

relief sought by Vincoli.

 Subsequently, Vincoli and the State filed cross-motions for summary

judgment. After a hearing, by order entered 9 June 2015, the trial court granted

Vincoli’s summary judgment motion and denied the State’s motion, declaring that

N.C. Gen. Stat. § 126-34.02 was an unconstitutional violation of Article I, Section 19

of the North Carolina Constitution as applied to Vincoli. In addition, the trial court

permanently enjoined the State from enforcing N.C. Gen. Stat. § 126-34.02 against

 -8-
 VINCOLI V. STATE

 Opinion of the Court

Vincoli and ordered that Vincoli be provided with a contested case hearing before

OAH regarding whether the exempt designation was proper, in accordance with the

repealed N.C. Gen. Stat. § 126-34.1(c). The State appeals.4

 II. Issues

 On appeal, the State asserts that the trial court erred by granting summary

judgment in favor of Vincoli for three reasons. First, the State contends that the Act

did not violate Vincoli’s due process rights under Article I, Section 19 of the North

Carolina Constitution because (a) the scope of Vincoli’s protected property interest in

continued employment did not include a right to grieve an exempt designation; and

(b) the legislative process satisfied any process that was due as a result of the repeal

of N.C. Gen. Stat. § 126-34.1(c). Second, the State contends that repeal of a career

state employee’s ability to appeal an exempt designation does not give rise to a taking

claim pursuant to Article I, Section 19 of the North Carolina Constitution, because

(a) Vincoli did not establish a contractual obligation to provide him a hearing to

challenge the designation of his position as exempt from the NCHRA; and (b) if the

repeal of N.C. Gen. Stat. § 126-34.1(c) is an uncompensated taking, the State has

provided just compensation. And third, the State contends that the trial court’s order

to provide appellee a contested case hearing in OAH violates the separation of powers.

 4 In our discretion, we have taken judicial notice of two other OAH proceedings initiated by
Vincoli, 14 OSP 00389 and 15 OSP 07944.

 -9-
 VINCOLI V. STATE

 Opinion of the Court

Because the dispositive issue in this case renders addressing these issues

unnecessary, we decline to address them.

 III. Standard of Review

 Summary judgment may be granted in a declaratory
 judgment proceeding, N.C. Farm Bureau Mut. Ins. Co. v.
 Briley, 127 N.C. App. 442, 444, 491 S.E.2d 656, 657 (1997),
 disc. rev. denied, 347 N.C. 577, 500 S.E.2d 82 (1998), where
 “the pleadings, depositions, answers to interrogatories, and
 admissions on file, together with the affidavits, if any, show
 that there is no genuine issue as to any material fact and
 that any party is entitled to a judgment as a matter of law,”
 N.C.G.S. § 1A-1, Rule 56(c) (2001).

Williams v. Blue Cross Blue Shield of N.C., 357 N.C. 170, 178, 581 S.E.2d 415, 422

(2003). “Because the parties do not dispute any material facts, [w]e review [the] trial

court’s order for summary judgment de novo to determine . . . whether either party is

entitled to judgment as a matter of law.” Lanvale Props., LLC v. Cty. of Cabarrus,

366 N.C. 142, 149, 731 S.E.2d 800, 806 (2012) (citations and quotations omitted).

“When applying de novo review, we consider[ ] the case anew and may freely

substitute our own ruling for the lower court’s decision.” Id. at 149, 731 S.E.2d at

806-07 (citations and quotations omitted).

 IV. Right to Appeal Pursuant to N.C. Gen. Stat. § 126-5(h)

 The State contends that the trial court erred by granting summary judgment

in favor of Vincoli. We agree.

 The Declaratory Judgment Act provides: “Any person . . . whose rights, status

 - 10 -
 VINCOLI V. STATE

 Opinion of the Court

or other legal relations are affected by a statute . . . may have determined any

question of construction or validity arising under the . . . statute . . . and obtain a

declaration of rights, status, or other legal relations thereunder.” N.C. Gen. Stat. §

1-254 (2013).

 Chapter 126 of the North Carolina General Statutes governs the State

Personnel System. N.C. Gen. Stat. § 126-5(a) (2013) states that Chapter 126 applies

to “[a]ll State employees not herein exempt[.] N.C. Gen. Stat. § 126-5(d)(1)(d) grants

the Governor the authority to designate up to 1,500 “exempt positions” throughout

various state departments, including DPS. N.C. Gen. Stat. § 126-5(b) defines “exempt

positions” as “an exempt managerial position or an exempt policymaking position.”

N.C. Gen. Stat. § 126-5(b), at the time, defined an “exempt managerial position” as

 a position delegated with significant managerial or
 programmatic responsibility that is essential to the
 successful operation of a State department, agency, or
 division, so that the application of G.S. 126-35 to an
 employee in the position would cause undue disruption to
 the operations of the agency, department, institution, or
 division.

N.C. Gen. Stat. § 126-5(b)(2) (2013).

 The repealed statute, N.C. Gen. Stat. § 126-34.1, provided in pertinent part:

 (c) In the case of a dispute as to whether a State
 employee’s position is properly exempted from the State
 Personnel Act under G.S. 126-5, the employee may file in
 the Office of Administrative Hearings a contested case
 under Article 3 of Chapter 150B of the General Statues.

 - 11 -
 VINCOLI V. STATE

 Opinion of the Court

 ....

 (e) Any issue for which appeal to the State Personnel
 Commission through the filing of a contested case under
 Article 3 of Chapter 150B of the General Statutes has not
 been specifically authorized by this section shall not be
 grounds for a contested case under Chapter 126.

N.C. Gen. Stat. § 126-34.1 (2011).

 This statute was replaced by N.C. Gen. Stat. § 126-34.02 (2013). N.C. Gen.

Stat. § 126-34.02(c) contains a similar contested case exclusion provision to that in

N.C. Gen. Stat. § 126-34.1(e) and provides: “Any issue for which an appeal to the

Office of Administrative Hearings has not been specifically authorized by this section

shall not be grounds for a contested case hearing.” Our Supreme Court has explained:

 There is no inherent right of appeal from an administrative
 decision to either the OAH or the courts. “No appeal lies
 from an order or decision of an administrative agency of the
 State or from judgments of special statutory tribunals
 whose proceedings are not according to the course of the
 common law, unless the right is granted by statute.” In re
 Assessment of Sales Tax, 259 N.C. 589, 592, 131 S.E.2d 441,
 444 (1963).

Empire Power Co. v. N.C. Dep’t of Env’t, Health & Nat. Res., 337 N.C. 569, 586, 447

S.E.2d 768, 778 (1994).

 However, N.C. Gen. Stat. § 126-5(h) provides: “In case of dispute as to whether

an employee is subject to the provisions of this Chapter, the dispute shall be resolved

as provided in Article 3 of Chapter 150B.” Article 3 governs the procedure for

contested case hearings. North Carolina courts have recognized that N.C. Gen. Stat.

 - 12 -
 VINCOLI V. STATE

 Opinion of the Court

§ 126-5(h) provides an avenue for employees to challenge exempt designations. See

Batten v. N.C. Dep’t of Correction, 326 N.C. 338, 345 n.3, 389 S.E.2d 35, 40 n.3 (1990),

(noting § 126-5(h) as an example of a section in the Act describing employment-

related grounds for a “contested case” arising under the State Personnel Act,

interpreting that statute as providing grounds for a “dispute between employer and

employee as to whether latter non-exempt”), disapproved of on other grounds by

Empire Power Co., 337 N.C. 569, 447 S.E.2d 768; see also Jordan v. N.C. Dep't of

Transp., 140 N.C. App. 771, 774, 538 S.E.2d 623, 625 (2000) (holding that “[o]nce a

position is designated as ‘exempt policymaking,’ whether or not the designation is

correct, an employee wishing to contest such designation must do so according to N.C.

Gen. Stat. § 150B” and citing N.C. Gen. Stat. § 126-5(h) (1999)).5

 Although Article I of Chapter 150B expressly exempts DPS from the contested

case provisions of Article III of Chapter 150B, see N.C. Gen. Stat. § 150B-1(e)(7), our

Supreme Court has held that “the detailed provisions of Chapter 126, which govern

the appeal of personnel actions affecting state employees, prevail with respect to

 5 This is not a novel interpretation of N.C. Gen. Stat. § 126-5(h). Although its opinion is not
binding upon us, the Fourth Circuit Court of Appeals of the United States has recognized that N.C.
Gen. Stat. § 126-5(h) gives a State employee an avenue to challenge the re-designation of his position
by the Governor to exempt status. See Carrington v. Hunt, 105 F.3d 646 (4th Cir. 1997) (unpublished).
In Carrington, the Court stated that “a state employee has no property interest in continued non-
exempt status if state law gives the executive discretion to determine which positions are exempt and
to change such designations.” Id. The Court, however, further stated that even if there is a property
interest, “North Carolina law provides sufficient process to guard against its erroneous deprivation.
The affected employee is entitled to ten working days’ notice before the change in status, N.C. Gen.
Stat. § 126-5(g), and he may appeal to the State Personnel Office if he believes that the designation is
illegal or error.” Id. (emphasis added).

 - 13 -
 VINCOLI V. STATE

 Opinion of the Court

[State] employees over the general departmental exclusion stated in the

Administrative Procedure Act.” Batten, 326 N.C. at 344, 389 S.E.2d at 39. In Empire

Power Co., our Supreme Court clarified Batten’s holding as follows:

 Batten involved the appeal of a grievance of an employee of
 an agency expressly exempted from the administrative
 hearing provisions of the [Administrative Procedure Act];
 thus, under the plain meaning of the [Administrative
 Procedure Act], that employee can be entitled to an
 administrative hearing to appeal his grievance to the OAH
 only by virtue of another statute.

337 N.C. at 579, 447 S.E.2d at 774.

 In the instant case, Vincoli is an aggrieved employee of DPS, an agency

expressly exempted from the administrative hearing provisions of the Administrative

Procedure Act. Although N.C. Gen. Stat. § 126-34.02(c) provides that “[a]ny issue for

which an appeal . . . has not been specifically authorized by this section shall not be

grounds for a contested case hearing[,]” the plain language of N.C. Gen. Stat. § 126-

5(h) provides Vincoli with a statutory right to a hearing before OAH as to whether he

is subject to the Act, which would implicate addressing whether his exempt

designation was proper. Accordingly, based on this avenue of appeal, the trial court

erred by granting summary judgment in favor of Vincoli.

 V. Conclusion

 Because we hold that Vincoli is entitled to a contested case hearing before OAH

pursuant to N.C. Gen. Stat. § 126-5(h), we need not address his claims based upon

 - 14 -
 VINCOLI V. STATE

 Opinion of the Court

his right to due process under Article I, Section 19 of the North Carolina Constitution.

See State v. Crabtree, 286 N.C. 541, 543, 212 S.E.2d 103, 105 (1975) (holding that

appellate courts will not pass upon constitutional questions if some other ground

exists upon which the case may be decided). We reverse the trial court’s order

denying the State’s motion for summary judgment and granting Vincoli’s motion for

summary judgment. Nothing in this opinion shall be construed to prejudice any right

Vincoli may have to seek a contested case hearing under N.C. Gen. Stat. § 126-5(h).

 REVERSED.

 Judge DILLON concurs.

 Judge DIETZ concurs in a separate opinion.

 - 15 -
 No. COA15-1013 – Vincoli v. State

 DIETZ, Judge, concurring.

 I agree with the majority that the plain language of N.C. Gen. Stat. § 126–5

permits Vincoli to contest whether his position properly could be designated exempt

under the State Personnel Act. Indeed, the statutory language hardly could be

clearer. The title of Section 126–5 is “Employees subject to Chapter; exemptions.”

The statute then states precisely which positions can, and cannot, be designated as

exempt positions that are not subject to the provisions of the chapter. Then, in

subsection (h), the statute provides that “[i]n case of dispute as to whether an

employee is subject to the provisions of this Chapter, the dispute shall be resolved as

provided in Article 3 of Chapter 150B,” which is the portion of the General Statutes

governing contested cases filed in OAH.

 The rub, of course, is that the General Assembly recently repealed N.C. Gen.

Stat. § 126–34.1(c), a more specific statutory provision authorizing employees to

challenge their exempt designation in OAH. If the general language of Section 126–

5(h) already permits employees to challenge their exempt designation in OAH, then

the repeal of the more specific language in Section 126–34.1(c) was meaningless.

Ordinarily, we do not interpret the law in a way that renders actions of the General

Assembly meaningless. See Town of Pine Knoll Shores v. Evans, 331 N.C. 361, 366,

416 S.E.2d 4, 7 (1992).

 But this is not an ordinary case. Vincoli argues that, if we interpret the repeal

of Section 126–34.1(c) as depriving him of any opportunity to contest his exempt
 VINCOLI V. STATE

 Dietz, J., concurring

designation in OAH, it would violate his constitutional rights. Whether meritorious

or not, his argument certainly is not frivolous. And it is a long-standing principle of

statutory construction that courts should “avoid an interpretation of a . . . statute

that engenders constitutional issues if a reasonable alternative interpretation poses

no constitutional question.” Gomez v. United States, 490 U.S. 858, 864 (1989).

 Interpreting N.C. Gen. Stat. § 126–5(h) according to its plain meaning,

notwithstanding the repeal of N.C. Gen. Stat. § 126–34.1(c), is a “reasonable

alternative interpretation” of the statute. I therefore join the majority in reversing

the trial court’s judgment. Under the plain language of N.C. Gen. Stat. § 126–5(h),

Vincoli and other employees like him can challenge their exempt designations in a

contested case at OAH. As a result, Vincoli’s constitutional challenge, premised on

his inability to contest his exempt designation, is meritless.

 2